UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA DENSON,

                                Plaintiff,

    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                               Defendant.
------------------------------------------------------------------X

Civil Action No.
18-cv-2690 (JMF)

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO COMPEL ARBITRATION

*On the brief:*

*Lawrence S. Rosen, Esq.*
*Patrick McPartland, Esq.*
*Jared E. Blumetti, Esq.*

**LAROCCA HORNIK ROSEN**
**GREENBERG & BLAHA LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for Defendant*

Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys LaRocca Hornik Rosen Greenberg & Blaha LLP, respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 9 U.S.C. § 1 *et seq.*, to compel arbitration and dismiss this action.

## PRELIMINARY STATEMENT

As a condition for her employment with the Campaign, plaintiff voluntarily signed a written agreement (the "Agreement") that contained, among other things, confidentiality obligations and an arbitration provision. By signing the Agreement, plaintiff expressly agreed to arbitrate "*any dispute arising under or relating to*" the Agreement, and to "*not contest*" the arbitrability of any claim submitted to arbitration by the Campaign.

Suffice it to say, confidentiality is an important requirement for a presidential campaign, and an agreement to resolve disputes through private arbitration is an integral component of that confidentiality requirement. Nevertheless, plaintiff—who voluntarily and willingly accepted employment with the Campaign on these terms—has repeatedly and deliberately breached her confidentiality obligations and also refused to honor her agreement to arbitrate these claims.

The instant action is now the second lawsuit that plaintiff filed against the Campaign. She previously filed an action in New York County Supreme Court (still pending) in which she made numerous unauthorized disclosures of confidential information (the "State Court Action"). In response to those unauthorized disclosures, the Campaign commenced an arbitration proceeding against her before the American Arbitration Association ("AAA") for breaching her confidentiality obligations under the Agreement (the "Arbitration"). Additionally, the Campaign filed a similar motion in the State Court Action to compel arbitration of her arbitrable claims.

1

Thereafter (one week after the Campaign moved to compel arbitration), plaintiff commenced this federal court lawsuit, thereby forcing the Campaign to litigate the same exact arbitrability issues in two forums. In doing so, plaintiff not only multiplied the proceedings and ignored her agreement to arbitrate, but she also again breached her confidentiality obligations under the Agreement by publicly divulging confidential filings from the Arbitration.

Plaintiff's asserted claim here (i.e. that the confidentiality provisions in the Agreement are unenforceable) clearly falls under the parties' broad agreement to arbitrate "***any dispute arising under or relating to***" the Agreement. Indeed, her claim in this action is—in actuality—a "defense" to the claims being asserted against her by the Campaign in the Arbitration. This issue is thus subject to the jurisdiction of the AAA, as per the parties' broad agreement to arbitrate disputes between them.

## STATEMENT OF FACTS

**A.     The Arbitration Agreement**

When she commenced her employment with the Campaign, plaintiff voluntarily executed the Agreement, which contained, *inter alia*, confidentiality and binding arbitration provisions. *A copy of the Agreement is annexed as **Exhibit A** to the moving Affidavit of Michael S. Glassner, sworn to on June 4, 2018 (the "Glassner Aff.").* Paragraph 8(b) of the Agreement contains the arbitration clause, which states in relevant part as follows:

> "…any dispute ***arising under or relating to*** this agreement, may at the sole discretion of [the Campaign], be submitted to binding arbitration in the State of New York pursuant to the rules for commercial arbitrations of the American Arbitration Association, ***and you hereby agree to and will not contest such submissions***."

*Glassner Aff., Exh. A, ¶ 8(b) (emphasis supplied).*

**B.      The Pending State Court Action and Arbitration**

In the State Court Action, plaintiff alleges numerous claims against the Campaign that arise directly from her employment and involve conspiracy allegations against both male and female Campaign staff members. Her claims include defamation, intentional and negligent infliction of emotional distress, and employment discrimination under the New York City Human Rights Law (the "NYCHRL"). *A copy of the Complaint in the State Court Action is annexed as **Exhibit A** to the moving Declaration of Lawrence S. Rosen, dated June 4, 2018 (the "Rosen Decl.")*. The Campaign served a motion in the State Court Action on March 19, 2018 to compel arbitration of the common law claims and dismiss the NYCHRL claims,[1] which motion is currently pending before the court.[2]  *See Rosen Decl.*

The Arbitration asserts, *inter alia*, a claim by the Campaign that plaintiff violated the confidentiality provisions of her Agreement and thereby breached it. *See Rosen Decl.*

**C.      Plaintiff's Federal Court Action**

Plaintiff filed this federal court action on March 26, 2018. *A copy of the Complaint in this action is annexed as **Exhibit C** to the Rosen Decl*. In the within action, plaintiff seeks a declaration from this Court that **the confidentiality provisions** of the Agreement are void and unenforceable "to the extent [they are] utilized…to thwart or prohibit the assertion of legal rights in a lawsuit." *Id.* Plaintiff further asserts that **the confidentiality provisions** are void because the "definition of confidential information is so vague and overly broad that it fails to place employees who are

---

[1] The Campaign did not move to compel arbitration of the NYCHRL claims because, as the Campaign concedes, those claims are not arbitrable under the Agreement.

[2] Following plaintiff's commencement of her State Court Action, the Campaign notified her that it was exercising its right to compel arbitration of her claims under paragraph 8(b) of the Agreement. *See correspondence annexed as **Exhibit B** to the Rosen Decl*. Plaintiff refused to do so, which resulted in the Campaign's motion to compel arbitration in the State Court Action.

required to sign the NDA on notice of what information is confidential." *Id.*  Significantly, plaintiff does not deny that she agreed to arbitrate all claims arising under or relating to the Agreement and that she agreed to not contest arbitrability, nor does she claim in her Complaint that the arbitration clause itself is somehow void or unenforceable.  *Id.*

## ARGUMENT

### I.

### PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF MUST BE ARBITRATED

It is well established that there is a presumption of arbitrability when parties freely contract and agree to a broad scope of arbitrable issues, *i.e.* "any dispute arising under or relating to" the Agreement.  *See e.g. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 225 (2d Cir. 2001) (clause requiring arbitration of "[a]ny dispute arising from the making, performance or termination of this [agreement]" gives rise to a presumption of arbitrability); *Symphony Fabrics Corp. v. Knapel*, 2008 WL 2332333, * 5 (S.D.N.Y. June 2, 2008) (provision providing for arbitration of "any dispute or controversy arising out of or relating to this Agreement" is "precisely the kind of broad arbitration clause that justifies a presumption of arbitrability") (*internal alterations omitted*); *Continental Casualty Company v. Hopeman Brothers, Inc.*, 2018 WL 1581987, * 7 (S.D.N.Y. March 27, 2018) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration") (*internal quotations omitted*).

Further, where the parties have expressly agreed to have their disputes governed by the AAA Arbitration Rules, it "serves as clear and unmistakable evidence of the parties' intent to delegate [those] issues [covered by the rules] to an arbitrator."  *Contec Corp. v. Remote Solution, Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005); *see also Pincaro v. Glassdoor, Inc.*, 2017 WL 4046317 (S.D.N.Y. September 12, 2017) (the arbitrability of plaintiffs' privacy claims were reserved for

the arbitrator because the parties' broad arbitration provision incorporated by reference the AAA Arbitration Rules which commit questions of arbitrability to the arbitrator).

Finally, where an arbitration provision grants the arbitrator authority to determine the enforceability of an agreement, any challenges to the enforceability of the agreement—with the sole exception of challenges to the arbitration clause itself—must be decided by the arbitrator. *See e.g. Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S.Ct. 1204, 1210 (2006) ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"); *Arrigo v. Blue Fish Commodities, Inc.*, 408 Fed.Appx. 480, 482 (2d Cir. 2011) (compelling arbitration where plaintiff challenged the validity of the indemnification provision contained within his employment agreement, not the arbitration provision); *HDI Global SE v. Lexington Insurance Company*, 232 F.Supp.3d 595, 603 (S.D.N.Y. 2017) (compelling arbitration where there were "no allegations or facts pleaded in the amended complaint challenging the validity and enforceability of the arbitration clause itself").

Here, plaintiff's claim for declaratory relief is based solely on the allegation that the *confidentiality* provisions of her Agreement are unenforceable. This claim thus falls squarely within the parties' broad agreement to arbitrate "any dispute arising under or relating to th[e] [A]greement." *See Symphony Fabrics Corp., supra.* It further falls squarely within the jurisdiction of the AAA, as the parties have specifically incorporated the AAA Commercial Arbitration Rules, which provide that "[t]he arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part." *Glassner Aff., Exh. A, ¶ 8(b); Rule 7 of the AAA Commercial Rules of Arbitration is annexed as* **Exhibit D** *to the Rosen Decl.* Given that plaintiff challenges only the enforceability of the *confidentiality* provisions of her Agreement—

5

and does not challenge the arbitration clause itself—her claim must be decided by the arbitrator.[3] *See e.g. Arrigo v. Blue Fish Commodities, Inc.*, 408 Fed.Appx. at 482 (challenge to indemnification provision contained within employment agreement was arbitrable under the parties' "broad and emphatic arbitration provision").

Finally, because plaintiff's sole claim for declaratory relief must be arbitrated, her lawsuit should be dismissed. *See e.g. Spencer-Franklin v. Citigroup/Citibank N.A.*, 2007 WL 521295, * 4 (S.D.N.Y. February 21, 2007) ("[a]ll courts of which we are aware have followed the rule that where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings") (*internal quotations omitted*).

## CONCLUSION

Based on the foregoing, Defendant Donald J. Trump for President, Inc. respectfully requests that the Court (i) compel arbitration and dismiss this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 9 U.S.C. § 1 *et seq.*, and (ii) grant Defendant all such other relief as this Court may deem just and proper.

Dated: New York, New York
June 4, 2018

                                         LAROCCA HORNIK ROSEN
                                         GREENBERG & BLAHA LLP

                           By: _____
                               Lawrence S. Rosen
                               40 Wall Street, 32nd Floor
                               New York, New York 10005
                               T: (212) 530-4822
                               E: LROSEN@LHRGB.COM
                               *Attorneys for Defendant*
                               *Donald J. Trump for President, Inc.*

---

[3] Even if plaintiff challenged the arbitration clause specifically, which she has not done, this claim would still be without merit because the arbitration clause is neither procedurally nor substantively unconscionable. *See Forbes v. A.G. Edwards & Sons, Inc.*, 2009 WL 424146 (S.D.N.Y. February 18, 2009); *Builders Group LLC v. Qwest Communications Corp.*, 2009 WL 3170101 (S.D.N.Y. September 30, 2009).