UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

JESSICA DENSON

                                    Plaintiff,           Civil Action No.
                                               18-CV-2690 (JMF)

           -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                          Defendant.

———————————————————————X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 2
DATE FILED: 6/18/18

SDNY PRO SE OFFICE
RECEIVED
2018 JUN 18 PM 4: 41
S.D. OF N.Y.

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL ARBITRATION

Plaintiff Jessica Denson respectfully submits this memorandum of law in opposition to Defendant's motion to compel arbitration and dismiss this action.

## PRELIMINARY STATEMENT

Despite what Defendant argues, this lawsuit is straightforward. The Complaint does not seek declaration that any one provision of an agreement is unenforceable, as Defendant claims. Rather, the Complaint seeks a declaration that this agreement as a whole is unenforceable. The entire agreement is a non-disclosure agreement, which is why the agreement's requirements as to confidentiality render the entire agreement unenforceable.

Under New York law, which Defendant insisted must be the law governing the agreement, this Court determines whether the contract as a whole is illegal. Under federal law, in contrast, an arbitrator would probably decide that issue. But Defendant has cited only federal case law, and all of the eight cases it cites apply federal rather than New York law.

The purpose of this declaratory judgment action is to prevent Defendant from illegally exerting the agreement to further victimize Plaintiff as it befits its interests now or at any future time, or succeeding in what it has attempted here and in the state court action: to wield the

1

agreement at issue to censor and restrain any person who seeks to assert her rights to a non-discriminatory and hostility-free workplace by forcing arbitration of claims that Plaintiff never agreed to arbitrate.

## ARGUMENT

Defendant's Motion to Compel Arbitration should be denied because it relies upon a number of erroneous factual and legal contentions.

First, Defendant's motion mistakenly claims that Plaintiff's lawsuit is a challenge to the supposed "confidentiality provisions" of the non-disclosure agreement (the "NDA") between the parties. Plaintiff's lawsuit challenges the enforceability of the NDA as a whole; it does not, and could not challenge the supposed "confidentiality provisions" because the entire agreement exclusively purports to bind Plaintiff to confidentiality about Donald Trump and the members of his family. The NDA is not an employment agreement.  Other than confidentiality, the NDA contains no terms of employment, such as compensation, job duties, title, and so forth. Thus, Plaintiff's challenge to the NDA's confidentiality requirements is an attack on the validity of the NDA as a whole.

Second, in the NDA, Plaintiff did not agree that she would "not contest" the arbitrability of the issue of the validity of the agreement itself, as Defendant claims. If that was the intention of the parties, the arbitration clause could have so specified, as the parties did in the *Louis Dreyfus Negoce* case cited by Defendant. In that case, the arbitration clause covered any "dispute arising from the making, performance or termination" of the agreement. *See* 252 F.3d at 225. The NDA simply uses the boilerplate language of "any dispute arising under or relating to this agreement…" The arbitration clause says nothing about whether the validity of the entire agreement is arbitrable.

Third, the case law relied upon by Defendants does not support arbitration of Plaintiff's challenge to the validity of the NDA itself. With a single exception, all of the cases cited by Defendant do not decide the issue presented here - - whether a challenge to the enforceability of an agreement *as a whole* must be arbitrated. Instead, the cases relied upon by Defendant decide whether a challenge to one or more individual provisions of a commercial or employment

agreement must be arbitrated. For example, in *Arrigo v. Blue Fish Commodities*, a case that Defendant trumpets, the plaintiff challenged only the validity of an indemnification provision contained within his employment agreement. *See* 408 Fed.Appx. at 482.

In the single case in which the contract as a whole was challenged, the United States Supreme Court's decision in *Buckeye Check Cashing*, the court specifically applied the language and policy of the Federal Arbitration Act. The NDA at issue here, however, specifically requires that it be interpreted and construed under the laws of the State of New York, without regard to conflict of laws or rules applied in the State of New York. Under New York law, and "in contrast [to Federal law], the court must decide the challenge where it is to the validity of the arbitration clause, or where the alleged illegality permeates the contract as a whole [citations omitted]." *See Teleserve Systems, Inc. v. MCI Telecommunications Corp.*, 230 A.D.2d 585, 592 (App. Div., 4th Dep't 1997); *In the Matter of Prinze*, 38 N.Y.2d 570, 574 (Court of Appeals 1976).

## CONCLUSION

Based on the foregoing, Plaintiff Jessica Denson respectfully requests that the Court deny Defendant's motion to compel arbitration.

Dated: June 18, 2018

By: _____
Jessica Denson
*Pro se*
3925 Big Oak Drive, #4
Studio City, CA 91604
(310) 927-2300

3