UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESSICA DENSON,

                                           Civil Action No.
                   Plaintiff,              18-cv-2690 (JMF)

        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                      Defendant.
-------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF
## DEFENDANT'S MOTION TO COMPEL ARBITRATION

*On the brief:*

*Lawrence S. Rosen, Esq.*
*Patrick McPartland, Esq.*
*Jared E. Blumetti, Esq.*

**LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*

Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys LaRocca Hornik Rosen Greenberg & Blaha LLP, respectfully submits this reply memorandum of law in further support of its motion to compel arbitration and dismiss this action.

## PRELIMINARY STATEMENT

Plaintiff admits in her opposition that she is challenging the enforceability of the Agreement "as a whole." This is significant because in its moving brief the Campaign demonstrated that, as a matter of law, a challenge to the enforceability of the Agreement "as a whole" must be decided by the AAA arbitrator.

## ARGUMENT

## I.

## PLAINTIFF'S CLAIM FOR
## DECLARATORY RELIEF MUST BE ARBITRATED

Plaintiff's concession that she is challenging the enforceability of the Agreement "as a whole" mandates the referral of her claims to the AAA arbitrator. *See plaintiff's opposition brief, dated June 18, 2018 ("plaintiff's opposition"), pp. 1–2.* As set forth in the Campaign's moving brief, it is well-established that challenges to the overall enforceability of an agreement are expressly reserved for the arbitrator where, as here, the parties agreed to arbitrate "any dispute arising under or relating to th[e] [A]greement" in accordance with the AAA Rules. *See the Campaign's moving brief, dated June 4, 2018 (the "Moving brief"), pp. 4–6.*

This is true under both the Federal Arbitration Act ("FAA") and New York law. *See e.g. Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S.Ct. 1204, 1210 (2006) (under the FAA, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"); *Matter of Prinze (Jonas)*, 38 N.Y.2d 570, 577, 381 N.Y.S.2d 824, 829–30 (1976) (under New York law, "[i]f the arbitration agreement is valid, any

controversy as to the validity of the contract as a whole passes to the arbitrators"); *Zurich Ins. Co. v. R. Electric, Inc.*, 5 A.D.3d 338, 339, 773 N.Y.S.2d 560 (1ˢᵗ Dept. 2004) (under New York law, "the question of whether the overall agreement is invalid is for the arbitrators" to decide).[1]

The parties' agreement in the choice-of-law provision to have their disputes governed by New York law means simply that the AAA arbitrator will apply New York law to the substantive disputes between them, including, by way of example, plaintiff's assertion in her Complaint that the Agreement is void "because it violates public policy" and "because its definition of 'confidential information' is so vague and overly broad." *Plaintiff's opposition, p. 2; see also Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 64, 115 S.Ct. 1212, 1219 (1995) ("the choice-of-law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration; neither sentence intrudes upon the other").

Finally, plaintiff did not oppose that portion of the Campaign's motion seeking dismissal of her lawsuit rather than a stay of proceedings. *Moving brief, p. 7.* As set forth in the Campaign's moving brief, because plaintiff's sole claim for declaratory relief must be arbitrated, this Court should dismiss—rather than stay—this action. *See Spencer-Franklin v. Citigroup/Citibank N.A.*, 2007 WL 521295 (S.D.N.Y. February 21, 2007).

---

[1]  Although plaintiff makes no allegations of fraud here, under New York law a court (as opposed to an arbitrator in the first instance) is permitted to pass on the issue of the enforceability of the entire agreement only where it is asserted that fraud permeates the entire agreement, including the arbitration clause.  *See Anderson Street Realty Corp. v. New Rochelle Revitalization, LLC*, 78 A.D.3d 972, 974, 913 N.Y.S.2d 114, 116 (2d Dept. 2010), *citing Weinrott v. Carp*, 32 N.Y.2d 190, 197, 344 N.Y.S.2d 848, 855 (1973); *see also New York Marine and General Ins. Co. v. Jorgensen & Co.*, 151 A.D.3d 637, 638, 57 N.Y.S.3d 150, 151 (1ˢᵗ Dept. 2017) (compelling arbitration where plaintiff "did not allege fraud in the inducement of the arbitration clause or fraud permeating the entire agreement").

## CONCLUSION

Based on the foregoing, defendant Donald J. Trump for President, Inc. respectfully requests that the Court (i) compel arbitration and dismiss this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 9 U.S.C. § 1 *et seq.*, and (ii) grant defendant all such other relief as this Court may deem just and proper.

Dated: New York, New York
      July 3, 2018

LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP

By: _____
Lawrence S. Rosen
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*
*Donald J. Trump for President, Inc.*