```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JESSICA M. DENSON,                                                :
                                                                  :
                              Plaintiff,                          :    18-CV-2690 (JMF)
                                                                  :
              -v-                                                 :    MEMORANDUM OPINION
                                                                  :         AND ORDER
DONALD J. TRUMP FOR PRESIDENT, INC.,                              :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/30/2018

JESSE M. FURMAN, United States District Judge:

Plaintiff Jessica Denson, proceeding *pro se*, brings this case against her former employer, Donald J. Trump for President, Inc. (the "Campaign"). The case was precipitated by a separate lawsuit that Denson previously filed, also *pro se*, against the Campaign in New York State court, in which she alleges discrimination, harassment, defamation, and other state-law claims. (*See* Docket No. 9 ("Rosen Decl."), Ex. A). Citing an arbitration clause that appears in an agreement that Denson signed at the outset of her employment (*see* Docket No. 2 ("Compl."), Ex. A (the "Agreement")), the Campaign moved in the state case to compel arbitration, (*see* Docket No. 11, at 3) — a motion that the state court has since denied, (*see* Docket No. 22). Shortly after Denson filed her state suit, the Campaign also initiated arbitration proceedings of its own, contending that Denson had "breached confidentiality and non-disparagement obligations" under the Agreement by filing the state action. (Compl., Ex. C). Denson responded with this suit, seeking a declaration that the Agreement "is void and unenforceable." (Compl. 2). The Campaign now moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to compel arbitration. (Docket No. 8).

The Campaign's motion must be and is granted. The Agreement Denson signed provides that "any dispute arising under or relating to this agreement may, at the sole discretion of [the Campaign and related parties], be submitted to binding arbitration in the State of New York pursuant to the rules for commercial arbitrations of the American Arbitration Association" and that she "hereby agree[s] to and will not contest such submissions." (Agreement ¶ 8(b)). The Rules of the American Arbitration Association ("AAA") provide, in turn, that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim" and "shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part." (Rosen Decl., Ex. D). By definition, Denson's claim here — that the Agreement "*as a whole* is unenforceable" (Docket No. 19 ("Pl.'s Opp'n"), at 1 (emphasis added)) — plainly "aris[es] under or relat[es] to" the Agreement. (Agreement ¶ 8(b)). It follows that the parties' dispute — including the threshold question of arbitrability itself — is for an arbitrator, not this Court, to decide. *See, e.g.*, *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) (holding that, under the FAA, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"); *Pincaro v. Glassdoor, Inc.*, No. 16-CV-6870 (ER), 2017 WL 4046317, at *7 (S.D.N.Y. Sept. 12, 2017) (holding that the arbitrability of the plaintiffs' claims was a question for the arbitrator because the parties' broad arbitration provision incorporated by reference the AAA Rules, which in turn commit questions of arbitrability to the arbitrator (citing cases)).[1]

---

[1] Denson contends that the Court should decide the question of arbitrability using New York, rather than federal, law given the Agreement's choice-of-law provision. (Pl.'s Opp'n 1; *see* Agreement ¶ 8(a)). For purposes of this case, however, the applicable law makes no difference to the analysis. *See, e.g.*, *Matter of Prinze (Jonas)*, 38 N.Y.2d 570, 577 (1976) (holding that, under New York law, "[i]f the arbitration agreement is valid, any controversy as to

Notably, that conclusion is not inconsistent with the state court's decision denying the Campaign's motion to compel arbitration of Denson's state-law claims (a decision that is not binding on this Court in any event). *See* Decision and Order, *Denson v. Donald J. Trump for President, Inc.*, Index No. 101616/2017 (N.Y. Sup. Ct. Aug. 7, 2018). The state court's decision in that case was based on its determination that Denson's state-law claims fell outside the scope of the Agreement's arbitration clause. That clause, the court observed, "confines arbitration to 'any dispute arising under or relating to this agreement.' . . . The arbitration clause could have been written to require any disputes arising out of plaintiff's employment to go to arbitration or that any claims brought by plaintiff against defendant must be sent to arbitration. But it did not. Instead, the clause is much narrower: it allows defendant to choose whether to arbitrate any dispute that arises out of the agreement . . . . The clause cannot be interpreted to apply to plaintiff's *affirmative* claims arising out of her employment." *Id.*, slip op. at 3-4. Here, of course, Denson does not bring "affirmative claims arising out of her employment." *Id.* slip op. at 4 (emphasis omitted). Instead, as noted, she raises a "dispute that arises out of the agreement," *id.* slip op. 3 — namely, whether the Agreement is enforceable. It follows that, even on the state-court's view of the arbitration clause, *this* dispute falls within that clause's scope.

For the foregoing reasons, the Campaign's motion to compel arbitration must be and is GRANTED. Had the Campaign requested it, the Court would have been prepared to stay the case pending arbitration rather than dismiss. *See, e.g.*, *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration *and a stay requested*." (emphasis added)). But the

---

the validity of the contract as a whole passes to the arbitrators"); *Zurich Ins. Co. v. R. Elec., Inc.*, 5 A.D.3d 338, 339 (N.Y. App. Div. 2004) (holding that, under New York law, "the question of whether the overall agreement is invalid is for the arbitrators" to decide).

Campaign explicitly requests dismissal (*see* Docket No. 20, at 2), and Denson does not oppose that request for relief.  Accordingly, the case is dismissed.  *See, e.g.*, *Spencer-Franklin v. Citigroup/Citibank N.A.*, No. 06-CV-3475 (GBD) (GWG), 2007 WL 521295, at *4 (S.D.N.Y. Feb. 21, 2007) (noting that "where all of the issues raised in the Complaint must be submitted to arbitration" and "defendants have sought dismissal rather than a stay, courts in this district have granted dismissal" (citing cases) (internal quotation marks and brackets omitted)), *report and recommendation adopted*, 2007 WL 1052451 (S.D.N.Y. Apr. 5, 2007).  Further, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See, e.g.*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

       The Clerk of Court is directed to terminate Docket No. 8, to close the case, and to mail a copy of this Memorandum Opinion and Order to Denson.

       SO ORDERED.

Date:  August 30, 2018
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge