UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA DENSON,

                         Plaintiff,

    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                        Defendant.
------------------------------------------------------------------X

Civil Action No.
18-cv-2690 (JMF)

**DECLARATION OF
LAWRENCE S. ROSEN**

I, **LAWRENCE S. ROSEN**, declare as follows:

1. I am a partner at LaRocca Hornik Rosen Greenberg & Blaha LLP, attorneys for defendant Donald J. Trump for President, Inc. (the "Campaign"), and am personally familiar with the facts and circumstances set forth herein. I submit this declaration in support of the Campaign's motion, pursuant to 9 U.S.C. § 9, to confirm the arbitral awards issued by Judge L. Paul Kehoe of the American Arbitration Association (the "AAA") on October 19, 2018 and December 11, 2018.

**A.**     **A Brief Background**

2. Plaintiff is a former employee of the Campaign. At the inception of and in connection with her employment, she signed a written agreement (the "Agreement") that contained, among other things, confidentiality and non-disparagement obligations. *A true and correct copy of the Agreement is attached as **Exhibit A***.

3. On December 20, 2017, the Campaign commenced an arbitration against plaintiff before the American Arbitration Association ("AAA") based upon plaintiff's breaches of her confidentiality and non-disparagement obligations (the "Arbitration"). The Agreement contained an arbitration clause, pursuant to which the Arbitration was duly commenced. *See **Exhibit A***, ¶ 8.

4. Plaintiff was duly notified of the commencement of the Arbitration and, throughout its entirety, was given repeated and ample opportunities to participate in it and submit position

papers. Indeed, unlike in state and federal court proceedings, the AAA will not entertain an application for a default award, so it provided plaintiff with written notice of, and an opportunity to participate in, each and every step of the Arbitration, which was pending for approximately one year. *True and correct copies of the numerous correspondences sent to plaintiff by the AAA and by the Campaign regarding the Arbitration, including letters plaintiff herself sent to the AAA, are collectively attached as **Exhibit B***.

5. Nevertheless, plaintiff knowingly and intentionally refused to participate in the Arbitration, and at the same time filed an action in this Court seeking a declaration that the Agreement was invalid and unenforceable.

6. Indeed, plaintiff refused to participate in the Arbitration even after this Court expressly ruled that any issues as to the validity and enforceability of the Agreement, including any issues of arbitrability, were solely reserved for the arbitrator.[1] *A true and correct copy of this Court's Memorandum Opinion and Order, dated August 30, 2018 (the "Order"), is attached as **Exhibit C**, p. 2*.

7. On October 19, 2018, Judge Kehoe issued the first of two awards, initially determining that plaintiff breached the Agreement by publishing confidential information regarding the Campaign in the declaratory judgment action she filed in this Court, and by making disparaging statements regarding the Campaign on the internet. Judge Kehoe awarded the Campaign $24,808.20 in damages for these breaches (the "October 19, 2018 Award"), and further ruled that the Campaign was contractually entitled to also recover the attorneys' fees and costs it incurred in the Arbitration. *A true and correct copy of the October 19, 2018 Award is attached as*

---

[1] Notably, in its Order, this Court also stated that any appeal taken therefrom by plaintiff "would not be taken in good faith." *See* **Exhibit C**, *p. 4*. Thereafter, plaintiff filed a motion for this Court to reconsider its Order, an application which this Court denied *sua sponte*. *See* ECF Document # 28.

*Exhibit D*.

8. The Campaign thereafter duly submitted to the AAA a supplemental motion to recover (i) the attorneys' fees and costs it incurred in the Arbitration, and (ii) the additional attorneys' fees and costs that the Campaign incurred subsequent to October 19, 2018 in connection with the instant federal court action.

9. On December 11, 2018, Judge Kehoe issued a supplemental and final award, awarding the Campaign an additional $24,699.44 in damages (the "December 11, 2018 Award"), representing $20,407.59 for the attorneys' fees and costs the Campaign incurred in the Arbitration and $4,291.85 for the additional attorneys' fees and costs the Campaign incurred in connection with this action between October 19 and December 11, 2018.  Judge Kehoe further awarded interest on both award amounts at 9% per annum from the date of the December 11, 2018 Award. *A true and correct copy of the December 11, 2018 Award is attached as **Exhibit E***.

10. In total, the Campaign has thus been awarded the combined amount of $49,507.64, together with 9% interest per annum starting on December 11, 2018. *See* **Exhibits D-E**.  The Campaign now respectfully requests that this Court (i) confirm both the October 19, 2018 Award and the December 11, 2018 Award issued by Judge Kehoe, (ii) issue a judgment in favor of the Campaign and against plaintiff in the total amount of $49,507.64, plus costs, and interest at the rate of 9% per annum from December 11, 2018, and (iii) grant the Campaign all such other relief as this Court may deem just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 21st day of December, 2018, in New York, New York.

_____
Lawrence S. Rosen