# EXHIBIT B



LaRocca Hornik Rosen
Greenberg & Blaha LLP
COUNSELORS AT LAW

FRANK J. LaROCCA ◊◊
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG △
ERIC PETER BLAHA
AMY D. CARLIN △
PATRICK T. McPARTLAND △
DAVID N. KITTREDGE △
FLORENCE R. GOFFMAN ◊◊
JONATHAN TABAR △
JARED E. BLUMETTI △
SHERRY HAMILTON △

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212-530-4823
212-530-4815 FAX
LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732-409-1144
732-409-0350 FAX

△ NEW YORK BAR ONLY
△ NEW JERSEY BAR ONLY
◊ OF COUNSEL ATTORNEYS
◊◊ CERTIFIED ATTORNEYS AT LAW ATTORNEY
PROFESSIONAL ASSOCIATION LLC

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

December 21, 2017

**VIA FEDEX**
Ms. Jessica Denson
1060 W. Pipeline Road, Suite 110
Hurst, TX 76053

     Re:  Donald J. Trump for President, Inc.\Jessica Denson
        AAA Case No. 01-17-0007-6454
        <u>Supreme Court, New York County, Index No. 101616/17</u>

Dear Ms. Denson:

   In connection with the above-referenced matter, enclosed for service upon you please find the original Demand for Arbitration filed against you on December 21, 2017.

          Very truly yours,

          Lawrence S. Rosen

Enclosures:

0117 0002 6454 MG

**RECEIVED**

JAN 1 0 2018

American Arbitration Association
Rhode Island

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jessica Anson
1860 West Pipeline Rd
Suite 110
Houston TX 74053

9590 9402 1701 6053 9994 80

2. Article Number (Transfer from service label)

7017 0530 0000 0557 9261

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
HU____                          1/2/18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7630-02-000-9053                Domestic Return Receipt



Jessica Denson
8306 Wilshire Blvd #310
Beverly Hills, CA 90211

LHRGB
40 Wall Street, 32nd FL
New York, NY 10005



AMERICAN
ARBITRATION
ASSOCIATION·   INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION·

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

March 22, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
1060 West Pipeline Road
Suite 110
Hurst, TX 76053
Via Mail

Jessica Denson
8306 WilshirBoulevard, #310
Beverly Hills, CA 90211
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

In accordance with the Rules, the AAA encloses a list of names selected from our roster from which one arbitrator is to be appointed. In addition to the enclosed resumes, some panelists have a video profile. If a video profile is available, you may access it through the 'view video' link on the resume. The parties are encouraged to agree upon an arbitrator and advise the AAA of their agreement within 14 days from the date of this letter. Absent an agreement of the parties, each party shall independently strike the names objected to, number the remaining names in order of preference and return the list to the AAA on or before April 5, 2018. If the list of arbitrators is not returned by the date specified, the arbitrator will be appointed as authorized in the Rules. Please leave as many names as possible. If the neutral arbitrator cannot be appointed from the list provided, the AAA may administratively appoint the arbitrator as authorized in the Rules without the submission of an additional list. The parties are to exchange copies of all correspondence except the checklist for conflicts and the arbitrator lists.

The list for selection of arbitrators is also available online through AAA's WebFile. The parties may strike and rank their preferences, which will be kept confidential.

Please note the arbitrators' rates of compensation indicated on the enclosed resumes. The AAA requires advance deposits calculated by the number of days the parties have suggested will be necessary, in addition to the pre-hearing time that the Arbitrator or Arbitrators may charge pursuant to the arbitrator's resume.

Upon appointment of an Arbitrator or Arbitrators a preliminary hearing will be set.

Should you have any questions, please contact me directly.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:    Lawrence S. Rosen, Esq.



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

March 27, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-5005

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of a message from Claimant on March 27, 2018 wherein the Association was provided with the following last best known contact information for Respondent:

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604

By copy of this letter we are forwarding Respondent, Jessica Denson, a copy of the Association's letter dated March 22, 2018 which includes the list for selection of arbitrator and arbitrator resumes.

Please note, the date by when the parties shall submit lists for selection of arbitrator has been extended from April 5, 2018 to April 12, 2018.

Please feel free to contact me should you have any questions.

Thank you,

Michele Gomez

Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

April 16, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

The Association has granted an extension until May 1, 2018, for each party to submit lists for selection of the arbitrator.

If you have any questions, please do not hesitate to call.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure



AMERICAN ARBITRATION ASSOCIATION· | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION·

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

May 7, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will advise the parties the American Arbitration Association (the AAA) has appointed Hon. Paul Kehoe as arbitrator. Enclosed please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

The parties are encouraged to review Rule R-17, which requires that the parties or their representatives advise the AAA by May 16, 2018, of any circumstance which exists that is likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence. As a reminder, such obligation shall remain in effect throughout the arbitration. Failure on the part of a party or a representative to comply with the requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with rule R-41.

The arbitrator is available to conduct a preliminary hearing on the following dates and times:

May 12, 2018 at either 10am or 2pm
May 22, 2018 at either 10am or 2pm
May 23, 2018 at either 10am or 2pm
May 24, 2018 at either 10am or 2pm
May 25, 2018 at either 10am or 2pm
May 30, 2018 at either 10am or 2pm

Please provide your availability by May 16, 2018. If a response is not received by the AAA by that date, we will assume all dates and times are acceptable and a preliminary hearing will be set.

Please note that sections P-1 and P-2 of the Commercial Arbitration Rules address the issues to be considered at the preliminary hearing.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosures

cc:    Lawrence S. Rosen, Esq.
       Hon. L. Paul Kehoe



**American Arbitration Association**
**Expedited Procedures**

**Preliminary Hearing and Scheduling Order# _____**

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (the AAA) and the

Expedited Procedures effective October 1, 2013, a preliminary hearing was held on _____

before Arbitrator_____.

**Preliminary Hearing Attendees:**

For Claimant: _____

For Respondent: _____

For the Association: _____

**By agreement of the parties and Order of the Arbitrator, the following is now in effect:**

**1. Hearing:**
OPTION 1(Documents Only)
Pursuant to Expedited Procedures, this dispute will be heard via documents only. The following schedule shall apply to the submission of documents:

                     i. Initial Submission Due:

                     ii.Responses, if any, Due:

                     iii.   Replies, if any, Due:
OPTION 2 (In-Person Hearing)
A final in-person one day hearing will be held at _____ on _____ at

_____ am/pm.


OPTION 3 (Telephonic Hearing)
A telephonic hearing will take place on _____ at _____am/pm.

*Should the hearing exceed one day, please confirm arbitrator compensation arrangements with the AAA.*


**2. Additional Status Conference (OPTIONAL):** An additional status conference call is scheduled for

_____ at _____ am/pm before the Arbitrator. The parties shall confer regarding a proposed

agenda and shall submit a proposed agenda for the call no later than_____. If no agenda is

provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the parties.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator, all parties shall amend/specify claims and/or

counterclaims by_____. Reponses, if any, are due by_____.

**4. Motions:** Pursuant to the Expedited Procedures, there will be no motions.

**5. Discovery:** Pursuant to the Expedited Procedures, there will be no formal discovery requests.

**6. Exhibits:** Exhibits to be submitted at hearing shall be exchanged at least two business days prior to hearing.

The Association does not require a copy of the exhibits.

**7. Communication:**

OPTION 1 (All Communications to AAA for Transmittal to Arbitrator)

Any and all documents to be filed with or submitted to the Arbitrator outside the hearing shall be given to the

AAA for transmittal to the Arbitrator. Copies of said documents shall also be sent to the opposing party(s). There

shall be no direct oral or written communication between the parties and the Arbitrator, except at oral hearings.

OPTION 2 (Direct Exchange)

The parties agree to participate in Direct Exchange. Provided there is no ex parte communication with the

Arbitrator, the parties may communicate directly with the Arbitrator by submitting documents to the Arbitrator

and also sending copies to the other party and to the AAA (except for Hearing exhibits and discovery documents).

Email submission of documents and email requests for action by the Arbitrator are allowed, provided that the

AAA and all parties also receive copies of all of these. For convenience of the parties, the following are the email addresses to be used:

> i. (Email Addresses)

There shall be no direct oral or written communication between the parties and the Arbitrator except as contemplated by this Order. Any communication to the Arbitrator shall be copied to the AAA.

**8. Award:**
OPTION 1

A Standard Award shall be rendered not later than 14 calendar days from the date of the closing of the hearing.
OPTION 2

A Standard Award shall be rendered not later than 14 calendar days from the due date established for the receipt of the parties' final statements and proofs.

**9. Disclosures of the Arbitrator:** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator shall be raised promptly with the AAA.

**10. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

Dated:_____

Arbitrator Signature: _____

**American Arbitration Association**

**Preliminary Hearing and Scheduling Order#_____**

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (the AAA)

effective October 1, 2013, a preliminary hearing was held on _____ before Arbitrator(s)

_____.

**Preliminary Hearing Attendees:**

For Claimant: _____

For Respondent: _____

For the Association: _____

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect**:

**1. Applicable Law**: The _____ (State or Federal) arbitration statute/act will apply in the Arbitration and

_____ (State) law will be applied substantively to the arbitration.

**2. Parties:** All the necessary or appropriate parties are included in the arbitration.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims

and/or counterclaims by _____. Reponses, if any, are due by_____.

**4. Additional Preliminary Matters:** Any other preliminary matters not otherwise provided for herein shall be

raised by the parties by_____.

**5. Dispositive Motions: (Optional Paragraph)** One of the Parties has indicated its desire to file a dispositive

motion. In the event that either Party desires to file a dispositive motion, it may file and serve an opening letter on

or before_____, not to exceed _____ pages in length stating the reasons it believes that a

dispositive motion should be allowed by the Arbitrator(s). The opposing Party may file and serve its letter in

opposition, not to exceed _____ pages in length, on or before _____.The Arbitrator will rule on

the Parties' letter submissions on or before_____. If allowed, dispositive motions will be due

_____ days after the Arbitrator's ruling allowing them, with responses due _____ days after the filing of the

dispositive motion.

**6. Motions: (Optional Paragraph)** Pursuant to the Commercial Rules, motions may not be filed without the

permission of the Arbitrator. Application to file motions shall be filed with the AAA and the Arbitrator(s), by

letter or email not to exceed _____ pages; describing 1) the motion the Party wishes to file, 2) the factual and legal

basis for the motion, and 3) the reasons why the motion needs to be filed and how it will expedite resolution of the

case or otherwise benefit the Parties.

The submission shall contain a certification that the requesting Party has in good faith conferred with the

opposing Party about the proposed motion prior to any Party requesting that a Motion be filed. The certification

shall state whether the relief sought by the motion has been agreed to by the Parties or will be opposed. If no

conference has occurred, the reason why must be stated. An opposing party may submit a responsive letter, not to

exceed _____ pages; within _____ days of its receipt of a letter requesting a motion. Parties are advised that it is

unlikely that dispositive motions which require resolution of disputed facts, without a hearing, will be granted. All

other applications or requests for advice or direction from the Arbitrator(s) may be made informally by email or

joint telephone conference. Formal motion procedure is not required, although it is allowed if the parties wish.

Any request for permission to file a dispositive motion shall be made no later than _____.

**7. Hearing:** A Final Hearing in this matter will commence before the Arbitrator(s) at

_____ on _____ at _____ am/pm. The parties estimate that this case

will require _____ day(s) of hearing time, inclusive of arguments. Approximate number of attendees at the

hearing: _____. This is a firm setting, and will not be changed or continued absent exceptional circumstances,

upon a showing of good cause.

**8. Additional Pre-hearing/Status Conference**: An additional pre-hearing or status conference call is scheduled

for _____ at _____ am/pm before the Arbitrator(s). The parties shall confer regarding a

proposed agenda and shall submit a proposed agenda for the call no later than_____. If no

agenda is provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the

parties.

**9. Exchange of Information/Discovery:**

    a. Written Discovery:

        i. Requests shall be exchanged by_____. Each Party may serve no more than

        _____ requests for production of documents and no more than _____ interrogatories.

        ii. Answers to discovery requests are due within _____ days of receipt of the requests.

    b. Depositions to be completed by_____.

        i. _____ hours of total deposition time or _____ number of depositions.

        ii. No deposition shall exceed _____ hours in length.

        iii. With respect to all depositions, there shall be no speaking objections, or interference with

        the ability of counsel to elicit testimony from a witness, subject to privilege objections and

        instructions.

    c. Discovery cutoff is_____.

        i. Please be advised that late-filed motions to compel discovery or discovery disputes are

        insufficient to cause a postponement of the Final Hearing.

    d. Electronic Discovery:

        i. Clawback agreements shall be in place for all parties to allow for the retrieval of inadvertently

        disclosed attorney-client privileged documents.

        ii. If the cost of collection of any of the electronically stored data presents an unreasonable cost

        for the producing party because the data is not readily accessible and the parties cannot reach an

        agreement on the handling of the cost, the arbitrator will decide if cost sharing or cost shifting is

        appropriate.

        iii. If any party has documents that are confidential, the arbitrator will issue a protective order

        upon the receipt of a stipulation from the parties for such an order. If the parties cannot agree on

        the terms, the attached sample Stipulation for Protective Order may be used.

iv. The parties' agreement regarding electronic discovery will then be memorialized in an ESI case management order to be submitted in draft to the Arbitrator(s) on or before _____. If the parties cannot come to agreement regarding all salient issues concerning electronic discovery not covered by this order, they may raise the remaining issues to the Arbitrator(s) by motion, to be filed within _____ days of the meet and confer in accordance with the deadlines below.

**10. Confidentiality:** A party may make a request to the Arbitrator(s) for any measures required to protect confidential information.

**11. Subpoenas:**

a. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator(s). The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. If any Party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator(s) no more than _____ business days after issuance is requested, unless a shorter time is ordered by the Arbitrator(s). Subpoenas related to discovery shall be submitted to the Arbitrator(s) on or before _____. Subpoenas for the attendance of witnesses at the hearing shall be submitted no later than _____.

b. Pursuant to agreement of the parties, for cases involving an arbitration panel, the chair of the panel, and in his/her absence, any other panel member may issue subpoena(s) and rule on discovery.

**12. Witness Disclosures:**

a. Claimant shall file a disclosure of all witnesses reasonably expected to be called by Claimant(s) by_____.

b. Respondent shall file a disclosure of all witnesses reasonable expected to be called by Respondent(s) by _____.

c. On or before _____, the parties shall file and serve their initial expert witness reports. Expert reports shall set forth each expert's opinions and the reasons for them. The substance of each expert's direct testimony must fairly and reasonably be addressed in the expert's report. There shall

be no additional discovery of experts, except on good cause shown to the Arbitrator(s).

**13. Exhibits:** The parties shall exchange copies of all exhibits to be offered and all schedules, summaries, diagrams, and charts to be used at hearing not later than _____.

    a. The Association does not require a copy of the exhibits for our file.

    b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the witness.

    c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| Party | Exhibit # | To Exhibit # |
|-------|-----------|--------------|
| Claimant | C1 | C___ |
| Respondent | R1 | R___ |

    d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.

        i. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

**14. Arbitration Hold:** Counsel for the Parties are directed to inform their clients that the Arbitrator(s) has ordered an arbitration hold which applies to describe scope of hold, and that the clients should take steps to prevent the destruction of all documents, both paper and electronic. If any party has an automatic document deletion/destruction program in place that system should be overridden until the case is completed.

**15. Stipulation of Uncontested Facts:** The parties shall file a stipulation of uncontested facts by _____.

**16. Pre-Hearing Briefs:** On or before _____, each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

    a. Briefs may be in summary form, including the use of bullet points rather than extensive text.

    b. The Arbitrator(s) requests that briefs not exceed _____double-spaced pages, excluding copies of any authorities that the parties may submit at the same time. The parties are invited to highlight any authorities as they deem appropriate.

**17. Stenographic Record**: If both parties desire a stenographic record of the hearing, the parties will arrange between themselves of the presence of a court reporter. The cost of the court report will be divided evenly between the Parties. Pursuant to Rules, if the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record.

**18. Award:**

    a. Form of Award:

        i. Standard/Reasoned or as required by the parties arbitration clause

        ii. Pursuant to the Rules, the award shall be made by the Arbitrator(s) no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statement and proofs to the Arbitrator(s).

        iii. Confirm if the arbitration agreement provide for the awarding of attorney's fees.

**19. Mediation/Judicial Settlement Conference Services:**

    a. Mediation and Judicial Settlement Conference Services are available from the AAA. There is no additional filing fee to initiate either service.

    b. The parties shall mediate their dispute by _____ pursuant to AAA's Commercial Arbitration Rules, or as otherwise agreed upon by the parties, in accordance with the Rules.

**20. Communication:**

    OPTION 1 (All Communications to AAA for Transmittal to Arbitrator(s))

    Any and all documents to be filed with or submitted to the Arbitrator(s) outside the hearing shall be provided to the AAA for transmittal to the Arbitrator(s). Copies of said documents shall also be sent to the opposing party(s). There shall be no direct oral or written communication between the parties and the Arbitrator(s), except at oral hearings.

    OPTION 2 (Direct Exchange)

The parties agree to participate in Direct Exchange. Provided there is no ex parte communication with the Arbitrator(s), the parties may communicate directly with the Arbitrator(s) by submitting documents to the Arbitrator(s) and also sending copies to the other party(s) and originals to the AAA (except for hearing exhibits and discovery documents). Email submission of documents and email requests for action by the

Arbitrator(s) are allowed, provided that the AAA and all parties also receive copies of all of these. For convenience of the parties, the following are the email addresses to be used:

    i. (Email Addresses)

There shall be no direct oral or written communication between the parties and the Arbitrator(s) except as contemplated by this Order. Any communication to the Arbitrator(s) shall be copied to the AAA.

**21. Orders:** Upon agreement of the Arbitrator(s), orders of the Panel of Arbitrator(s) may be signed by the Panel Chair, _____, alone on behalf of the entire panel and shall be effective as if signed by all three panel members.

**22. Disclosures of the Arbitrator(s):** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator(s) the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator(s) shall be raised promptly with the AAA.

**23. File Destruction:** The Arbitrator(s) will destroy their files related to this matter _____ days after the filing of the Award unless otherwise notified by the parties.

**24. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator(s).

**Dated:** _____

Arbitrator(s) Signature: _____

Arbitrator(s) Signature:_____

Chair Signature on behalf of the Panel: _____

**Table of Deadlines**

| # | Action | Deadline |
|---|--------|----------|
| 1 | Parties disclosures (paralleling Federal Rules of Civil Procedure 26(a)(1) initial disclosures if appropriate) | |
| 2 | Claimants Initial Request for Documents (if needed) | |
| 3 | Respondent's initial request for Documents (if needed) | |
| 4 | Claimant's initial disclosure of potential witnesses (not needed if using Rule 26(a)(a) form disclosures) | |
| 5 | Respondent's initial disclosure of potential witnesses (not needed if using Rule 26(a)(a) form disclosures) | |
| 6 | For Panel disclosure purposes, identification of any related parties, or witnesses | |
| 7 | Claimant's experts designations and reports | |
| 8 | Respondent's experts designations and reports | |
| 9 | Parties' rebuttal experts designations and reports | |
| 10 | Motions regarding any unresolved discovery disputes | |
| 11 | Claimant's list of witnesses reasonably intended to be called | |
| 12 | Respondent's list of witnesses reasonably intended to be called | |
| 13 | Completion of all discovery | |
| 14 | If permitted by the Panel, deadline for the filing of dispositive motions | |
| 15 | Parties' exchange of proposed exhibits | |
| 16 | Requests for the issuance of third-party subpoenas | |
| 17 | Requests for witness subpoenas for hearing | |
| 18 | Parties' completion of combined single set of exhibit books | |
| 19 | Parties exchange of demonstrative exhibits | |
| 20 | Filing of pre-hearing statements, any stipulations and core exhibits for prehearing Panel review | |
| 21 | Dates for pre-hearing status conference(s) (telephonic) | |
| 22 | Hearing dates / delivery of exhibits | |
| 23 | Filing of post-hearing briefs (if any) | |
| 24 | Estimated deadline for issuance of final award | |



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

May 10, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of a letter dated May 9, 2018, from Mr. Rosen, a copy of which is enclosed for Respondent.

At this time, we request the comments of Respondent with respect to Mr. Rosen's e-mail. Said comments are due to the Association on or before May 16, 2018. Upon receipt of comments or the expiration of the deadline, Mr. Rosen's letter and any response will be sent to the arbitrator for review.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,



Michele Gomez
Manager of ADR Services
Direct Dial: (401)431-4848
Email: MicheleGomez@adr.org
Fax: (401)435-6529

cc:
Lawrence S. Rosen, Esq.



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

May 17, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-9530-8846

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will confirm the appointment of Hon. L. Paul Kehoe as arbitrator.

The arbitrator has set the preliminary hearing for May 22, 2018 at 2PM. Enclosed are the Report of Preliminary Hearing and Scheduling Order which covers items to be discussed at the hearing and will be completed by the arbitrator.

Please dial in to the conference call by using the following telephone number and passcode:

Telephone:    1-888-537-7715
Passcode:     69511204

Please review the attached Billing Information Sheet regarding the AAA's billing practices.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848



Email: MicheleGomez@adr.org

Enclosure

cc:   Lawrence S. Rosen, Esq.
      Hon. L. Paul Kehoe



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**American Arbitration Association**

**Preliminary Hearing and Scheduling Order#_____**

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective October 1, 2013, a preliminary hearing was held on _____ before Arbitrator(s) _____.

**Preliminary Hearing Attendees:**

For Claimant: _____

For Respondent: _____

For the Association: _____

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect:**

**1. Applicable Law:** The _____ (State or Federal) arbitration statute/act will apply in the Arbitration and _____ (State) law will be applied substantively to the arbitration.

**2. Parties:** All the necessary or appropriate parties are included in the arbitration.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims and/or counterclaims by _____. Reponses, if any, are due by _____.

**4. Additional Preliminary Matters:** Any other preliminary matters not otherwise provided for herein shall be raised by the parties by _____.

**5. Dispositive Motions: (Optional Paragraph)** One of the Parties has indicated its desire to file a dispositive

motion. In the event that either Party desires to file a dispositive motion, it may file and serve an opening letter on

or before_____, not to exceed _____ pages in length stating the reasons it believes that a

dispositive motion should be allowed by the Arbitrator(s). The opposing Party may file and serve its letter in

opposition, not to exceed _____ pages in length, on or before _____.The Arbitrator will rule on

the Parties' letter submissions on or before_____. If allowed, dispositive motions will be due

_____ days after the Arbitrator's ruling allowing them, with responses due _____ days after the filing of the

dispositive motion.

**6. Motions: (Optional Paragraph)** Pursuant to the Commercial Rules, motions may not be filed without the

permission of the Arbitrator. Application to file motions shall be filed with the AAA and the Arbitrator(s), by

letter or email not to exceed _____ pages; describing 1) the motion the Party wishes to file, 2) the factual and legal

basis for the motion, and 3) the reasons why the motion needs to be filed and how it will expedite resolution of the

case or otherwise benefit the Parties.

The submission shall contain a certification that the requesting Party has in good faith conferred with the

opposing Party about the proposed motion prior to any Party requesting that a Motion be filed. The certification

shall state whether the relief sought by the motion has been agreed to by the Parties or will be opposed. If no

conference has occurred, the reason why must be stated. An opposing party may submit a responsive letter, not to

exceed _____ pages; within _____ days of its receipt of a letter requesting a motion. Parties are advised that it is

unlikely that dispositive motions which require resolution of disputed facts, without a hearing, will be granted. All

other applications or requests for advice or direction from the Arbitrator(s) may be made informally by email or

joint telephone conference. Formal motion procedure is not required, although it is allowed if the parties wish.

Any request for permission to file a dispositive motion shall be made no later than _____.

**7. Hearing:** A Final Hearing in this matter will commence before the Arbitrator(s) at

_____ on _____ at _____ am/pm. The parties estimate that this case

will require _____ day(s) of hearing time, inclusive of arguments. Approximate number of attendees at the

hearing: _____. This is a firm setting, and will not be changed or continued absent exceptional circumstances,

upon a showing of good cause.

**8. Additional Pre-hearing/Status Conference**: An additional pre-hearing or status conference call is scheduled

for _____ at _____ am/pm before the Arbitrator(s). The parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than_____. If no agenda is provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the parties.

**9. Exchange of Information/Discovery**:

    a. Written Discovery:

        i. Requests shall be exchanged by_____. Each Party may serve no more than _____ requests for production of documents and no more than _____ interrogatories.

        ii. Answers to discovery requests are due within _____ days of receipt of the requests.

    b. Depositions to be completed by_____.

        i. _____ hours of total deposition time or _____ number of depositions.

        ii. No deposition shall exceed _____ hours in length.

        iii. With respect to all depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

    c. Discovery cutoff is_____.

        i. Please be advised that late-filed motions to compel discovery or discovery disputes are insufficient to cause a postponement of the Final Hearing.

    d. Electronic Discovery:

        i. Clawback agreements shall be in place for all parties to allow for the retrieval of inadvertently disclosed attorney-client privileged documents.

        ii. If the cost of collection of any of the electronically stored data presents an unreasonable cost for the producing party because the data is not readily accessible and the parties cannot reach an agreement on the handling of the cost, the arbitrator will decide if cost sharing or cost shifting is appropriate.

        iii. If any party has documents that are confidential, the arbitrator will issue a protective order upon the receipt of a stipulation from the parties for such an order. If the parties cannot agree on

the terms, they may request a sample Stipulation for Protective Order from the AAA.

iv. The parties' agreement regarding electronic discovery will then be memorialized in an ESI case management order to be submitted in draft to the Arbitrator(s) on or before _____. If the parties cannot come to agreement regarding all salient issues concerning electronic discovery not covered by this order, they may raise the remaining issues to the Arbitrator(s) by motion, to be filed within ____ days of the meet and confer in accordance with the deadlines below.

**10. Confidentiality:** A party may make a request to the Arbitrator(s) for any measures required to protect confidential information.

**11. Subpoenas:**

a. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator(s). The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. If any Party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator(s) no more than ____ business days after issuance is requested, unless a shorter time is ordered by the Arbitrator(s). Subpoenas related to discovery shall be submitted to the Arbitrator(s) on or before _____. Subpoenas for the attendance of witnesses at the hearing shall be submitted no later than _____.

b. Pursuant to agreement of the parties, for cases involving an arbitration panel, the chair of the panel, and in his/her absence, any other panel member may issue subpoena(s) and rule on discovery.

**12. Witness Disclosures:**

a. Claimant shall file a disclosure of all witnesses reasonably expected to be called by Claimant(s) by_____.

b. Respondent shall file a disclosure of all witnesses reasonable expected to be called by Respondent(s) by _____.

c. On or before _____, the parties shall file and serve their initial expert witness reports. Expert reports shall set forth each expert's opinions and the reasons for them. The substance of

each expert's direct testimony must fairly and reasonably be addressed in the expert's report. There shall

be no additional discovery of experts, except on good cause shown to the Arbitrator(s).

**13. Exhibits:** The parties shall exchange copies of all exhibits to be offered and all schedules, summaries,

diagrams, and charts to be used at hearing not later than _____.

a. The Association does not require a copy of the exhibits for our file.

b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the

witness.

c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| Party | Exhibit # | To Exhibit # |
|-------|-----------|--------------|
| Claimant | C1 | C____ |
| Respondent | R1 | R____ |

d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive

set of joint exhibits.

i. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

**14. Arbitration Hold:** Counsel for the Parties are directed to inform their clients that the Arbitrator(s) has ordered

an arbitration hold which applies to describe scope of hold, and that the clients should take steps to prevent the

destruction of all documents, both paper and electronic. If any party has an automatic document

deletion/destruction program in place that system should be overridden until the case is completed.

**15. Stipulation of Uncontested Facts:** The parties shall file a stipulation of uncontested facts by

_____.

**16. Pre-Hearing Briefs:** On or before _____, each party may serve and file a pre-hearing brief

on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and

authorities.

a. Briefs may be in summary form, including the use of bullet points rather than extensive text.

b. The Arbitrator(s) requests that briefs not exceed ____double-spaced pages, excluding copies of any

authorities that the parties may submit at the same time. The parties are invited to highlight any authorities

as they deem appropriate.

**17. Stenographic Record**: If both parties desire a stenographic record of the hearing, the parties will arrange between themselves of the presence of a court reporter. The cost of the court report will be divided evenly between the Parties. Pursuant to Rules, if the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record.

**18. Award:**

    a. Form of Award:

        i. Standard/Reasoned or as required by the parties arbitration clause

        ii. Pursuant to the Rules, the award shall be made by the Arbitrator(s) no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statement and proofs to the Arbitrator(s).

        iii. Confirm if the arbitration agreement provide for the awarding of attorney's fees.

**19. Mediation/Judicial Settlement Conference Services:**

    a. Mediation and Judicial Settlement Conference Services are available from the AAA. There is no additional filing fee to initiate either service.

    b. The parties shall mediate their dispute by _____ pursuant to AAA's Commercial Arbitration Rules, or as otherwise agreed upon by the parties, in accordance with the Rules.

**20. Communication:**

    OPTION 1 (All Communications to AAA for Transmittal to Arbitrator(s))

    Any and all documents to be filed with or submitted to the Arbitrator(s) outside the hearing shall be provided to the AAA for transmittal to the Arbitrator(s). Copies of said documents shall also be sent to the opposing party(s). There shall be no direct oral or written communication between the parties and the Arbitrator(s), except at oral hearings.

    OPTION 2 (Direct Exchange)

The parties agree to participate in Direct Exchange. Provided there is no ex parte communication with the Arbitrator(s), the parties may communicate directly with the Arbitrator(s) by submitting documents to the Arbitrator(s) and also sending copies to the other party(s) and to the AAA (except for hearing exhibits and

discovery documents). Email submission of documents and email requests for action by the Arbitrator(s) are allowed, provided that the AAA and all parties also receive copies of all of these. For convenience of the parties, the following are the email addresses to be used:

  i. (Email Addresses)

There shall be no direct oral or written communication between the parties and the Arbitrator(s) except as contemplated by this Order. Any communication to the Arbitrator(s) shall be copied to the AAA.

**21. Orders:** Upon agreement of the Arbitrator(s), orders of the Panel of Arbitrator(s) may be signed by the Panel Chair, _____, alone on behalf of the entire panel and shall be effective as if signed by all three panel members.

**22. Disclosures of the Arbitrator(s):** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator(s) the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator(s) shall be raised promptly with the AAA.

**23. File Destruction:** The Arbitrator(s) will destroy their files related to this matter _____ days after the filing of the Award unless otherwise notified by the parties.

**24. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator(s).

**Dated:** _____

Arbitrator(s) Signature: _____

Arbitrator(s) Signature:_____

Chair Signature on behalf of the Panel: _____

**Table of Deadlines**

| # | Action | Deadline |
|---|--------|----------|
| 1 | Parties disclosures (paralleling Federal Rules of Civil Procedure 26(a)(1) initial disclosures if appropriate) | |
| 2 | Claimants Initial Request for Documents (if needed) | |
| 3 | Respondent's initial request for Documents (if needed) | |
| 4 | Claimant's initial disclosure of potential witnesses (not needed if using Rule 26(a)(a) form disclosures) | |
| 5 | Respondent's initial disclosure of potential witnesses (not needed if using Rule 26(a)(a) form disclosures) | |
| 6 | For Panel disclosure purposes, identification of any related parties, or witnesses | |
| 7 | Claimant's experts designations and reports | |
| 8 | Respondent's experts designations and reports | |
| 9 | Parties' rebuttal experts designations and reports | |
| 10 | Motions regarding any unresolved discovery disputes | |
| 11 | Claimant's list of witnesses reasonably intended to be called | |
| 12 | Respondent's list of witnesses reasonably intended to be called | |
| 13 | Completion of all discovery | |
| 14 | If permitted by the Panel, deadline for the filing of dispositive motions | |
| 15 | Parties' exchange of proposed exhibits | |
| 16 | Requests for the issuance of third-party subpoenas | |
| 17 | Requests for witness subpoenas for hearing | |
| 18 | Parties' completion of combined single set of exhibit books | |
| 19 | Parties exchange of demonstrative exhibits | |
| 20 | Filing of pre-hearing statements, any stipulations and core exhibits for prehearing Panel review | |
| 21 | Dates for pre-hearing status conference(s) (telephonic) | |
| 22 | Hearing dates / delivery of exhibits | |
| 23 | Filing of post-hearing briefs (if any) | |
| 24 | Estimated deadline for issuance of final award | |



**AMERICAN ARBITRATION ASSOCIATION** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

### Billing Information Sheet

**Deposits -** After the preliminary management hearing, the arbitrator will notify the case manager how much time is anticipated for the arbitration process. The Manager of ADR Services will then notify the parties of this amount. Once billing is entered into our system an invoice is automatically generated and transmitted within 2 weeks. Should you need an immediate copy to expedite payment please contact your case manager. Checks are to be made payable to the American Arbitration Association and submitted to the case manager in the time stated in our letter. These deposits are typically due thirty days prior to the evidentiary hearings, but this may vary depending on the schedule specific to this case.

At the conclusion of the preliminary management hearing, the parties' representatives and the Manager of ADR Services may discuss the AAA's billing and deposit practices with regard to covering the arbitrator's anticipated fees and expenses for the entire proceeding. We ask that the representatives discuss this with their clients prior to the conference so that any questions they may have can be addressed.

Deposits are typically due thirty days prior to the first evidentiary hearing and failure to make deposits by the established due date may result in the arbitrator suspending the proceeding. Therefore, please comply with all established due dates for payment in order to avoid interruption in the progress of the case. All unused deposits shall be promptly refunded.

Parties are also reminded that you may view case financial information, as well as make payments with a credit card online via AAA's WebFile.

Compensation to the arbitrator represents an independent obligation of the parties, and it is understood that the AAA has no liability, direct or indirect, for such payment. Each party shall promptly deposit in advance with the AAA such sums of money as required by the administrator to defray the costs of the arbitrator(s) fees. Compensation incurred will be deducted from deposits on hand, if any.

**Abeyance Fee -** Should parties agree, it is the policy of the Association to hold cases in abeyance for up to one year. The parties may continue to hold the matter in abeyance beyond that period providing they remit a payment of $500.00 to the AAA to cover the administrative expense of continued tracking of such cases.

**Final Fee -** The Final Fee covers all AAA services from the time a hearing is scheduled to when the case is awarded, settled or withdrawn. The Final Fee is billed after an arbitrator has been appointed and a hearing has been scheduled and is payable in advance of the first scheduled hearing. The Final Fee will be incurred for all cases that proceed to their first evidentiary regardless of whether that hearing is held in person, via video conference, or via telephone and is payable by each party filing a claim or counterclaim, pursuant to the applicable fee schedule. If a hearing does not take place, the Final Fee will be fully refunded if the parties provide at least 24 hours' notice prior to the hearing.

**Refund Schedule -** The AAA has a refund schedule in the administrative fee section of the Rules. After 60 days of the AAA's receipt of the Demand or the appointment of the arbitrator the filing fees are non-refundable. The AAA will only refund filing fees as outlined in the Rules and does not refund arbitrator costs incurred when parties settle their dispute or withdraw their claims. The date of receipt by the AAA of the demand for arbitration will be used to calculate refunds of both claims and counterclaims.



AMERICAN
ARBITRATION
ASSOCIATION®   | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

May 22, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-8853

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will confirm a management conference call in the above matter was held on May 22, 2018, and the following arrangements were made:

The parties shall submit in writing to the Association any documents pertaining to the arbitration, including a statement of facts together with any briefs, written arguments or other evidence you wish to submit by July 23, 2018.

Each party may file one written reply to the initial submission within 23 days from the date of transmittal of the statements and proofs by the other party(s).

Please send copies of all documents pertaining to the arbitration to the other party at the same time they are submitted to the Association.

Failure of any party to make such a reply within the specified period of time is deemed to be a waiver of its right to reply.

When all of the statements, proofs, and answers (if any) have been received by the Association, they will be transmitted to the Arbitrator.

The Arbitrator shall then examine the documents and request further evidence from the party(s), if necessary.

Otherwise, the arbitration will be declared closed, and the time period for rendering the award begins on that date.

This is a reminder the arbitration may proceed in the absence of any party who fails to participate or fails to obtain a postponement.

If you have any questions, please do not hesitate to call.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc :   Hon. L. Paul Kehoe
       Lawrence S. Rosen, Esq.



AMERICAN
ARBITRATION
ASSOCIATION®  | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

May 22, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-8327

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will confirm a management conference in the above matter was held on May 22, 2018, and the following arrangements were made:

Claimant shall file and serve its moving papers by July 23, 2018.

Respondent then has 23 days from the date of service of Claimant's moving papers to respond with any opposition papers.

If Respondent submits opposition papers, Claimant has 14 days to reply to any opposition papers.

Failure of any party to make such a response within the specified period of time is deemed to be a waiver of its right to reply.

This is a reminder the arbitration may proceed in the absence of any party who fails to participate or fails to obtain a postponement.

If you have any questions, please do not hesitate to call.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc :   Hon. L. Paul Kehoe
       Lawrence S. Rosen, Esq.



AMERICAN
ARBITRATION
ASSOCIATION°    | INTERNATIONAL CENTRE
                  FOR DISPUTE RESOLUTION°

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

July 12, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

Please be advised that correspondence sent to Jessica Denson on May 7, 2018 and May 22, 2018 has been
returned by the Postal Service as Return to Sender, Unclaimed, Unable to Forward. A copy of the face of the
returned envelope is enclosed.

At this time we ask Claimant to advise the undersigned of a better address for Respondent, Jessica Denson, or
confirm in writing that Claimant wishes to proceed with administration using the last known address currently on
file with the American Arbitration Association (the AAA).

Please provide this information on or before July 18, 2018.

Should you have any questions, please do not hesitate to call.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc:    Lawrence S. Rosen, Esq.
        Hon. L. Paul Kehoe



AMERICAN ARBITRATION ASSOCIATION    INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

July 26, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail
Via First Class Certified Mail
7017-0190-0000-9530-8518

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of the enclosed letter dated July 25, 2018, from Claimant.

At this time we request the comments of Respondent with respect to Claimant's letter. Said comments are to be received by the AAA on or before August 9, 2018.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401)431-4848
Email: MicheleGomez@adr.org

cc:    Lawrence S. Rosen, Esq.
       Hon. L. Paul Kehoe



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

August 10, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will confirm the Association has not received a response from Respondent, Jessica Denson, to our letter dated July 26, 2018.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc:     Lawrence S. Rosen, Esq.



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

August 13, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

Enclosed please find the Arbitrtor's Order dated August 11, 2018.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:    Lawrence S. Rosen, Esq.
       Hon. L. Paul Kehoe



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

August 13, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

A conference call in the above matter is scheduled for Monday, August 20, 2018, at 10:30am, Eastern Time.

Please dial in to the conference call by using the following telephone number and security code:

Telephone:1-888-537-7715
Passcode: 69511204

Please call should you have any questions.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc:   Lawrence S. Rosen, Esq.
      Hon. L. Paul Kehoe



AMERICAN
ARBITRATION
ASSOCIATION®  |  INTERNATIONAL CENTRE
                 FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

August 20, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class and Certified Mail # 7017 3040 0000 9196 8782

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will confirm that a conference call in the above matter took place on this date. Enclosed please find the arbitrator's order confirming the arrangements made during the call.

As directed by the arbitrator, we are transmitting Claimant's application for an award to Respondent and the arbitrator.

Respondent shall have until September 12, 2018, to file any response to Claimant's application.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401)431-4848
Email: MicheleGomez@adr.org
Fax: (401)435-6529

cc:
Lawrence S. Rosen, Esq.
Hon. L. Paul Kehoe

JESSICA DENSON
3925 Big Oak Drive, #4
Studio City, CA 91604

RECEIVED

SEP 1 0 2018

American Arbitration Association
Rhode Island

American Arbitration Association
Northeast Case Management Center
1301 Atwood Avenue
Suite 211N
Johnston, RI 02919

September 7, 2018

ATTN: Michele Gomez; RE: Case 01-17-0007-6454

To the American Arbitration Association:

I am in receipt of a document from your organization anticipating response from me by September 12, 2018.

Apparently, the Donald J. Trump for President Campaign has carried on a threatening and wasteful proceeding over the past several months, for which they claim I bear the cost and by which they have attempted to obtain judgement without my knowledge of the underlying application.

None of these proceedings, pending judges' orders in two lawsuits which have only rendered orders in the past month, should have occurred.

Enclosed is New York Supreme Court Judge Arlene Bluth's order denying the Campaign's motion to compel arbitration, and stating clearly and indisputably that my employment lawsuit from which the Campaign initiated this arbitration action is fully exempt from the arbitration "Agreement" the Campaign has attempted to invoke as relevant. No prosecution of me for lawfully airing my employment grievances can legally proceed.

As to future attempts to use the "Agreement" at all to further inflict abuse or penalties on me or infringe on my rights, there is ongoing litigation as to the validity of the "Agreement" as a whole, which would necessarily preclude any enforcement of its terms. I am currently within my time limit to appeal a judge's order that the venue for challenging the validity of the "Agreement" should be decided by an arbitrator.

Respectfully,

Jessica Denson

RE Case No: 01-17-0007-6454

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**                    PART 32

_____ Justice

Index Number : 101616/2017                INDEX NO. _____
DENSON, JESSICA                           MOTION DATE _____
vs
TRUMP, DONALD J. FOR                      MOTION SEQ. NO. _____
Sequence Number : 001
COMPEL

The following papers, numbered 1 to 3 , were read on this motion to/for Compel arbitration

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). 1
Answering Affidavits — Exhibits _____ | No(s). 2
Replying Affidavits _____ | No(s). 3

Upon the foregoing papers, it is ordered that this motion is and cross-motion are decided in accordance with the accompanying memorandum decision and order.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 8/7/18                                    HON. ARLENE P. BLUTH   , J.S.C.

1. CHECK ONE: ....................................................... ☐ CASE DISPOSED        ☒ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☐ GRANTED   ☐ DENIED   ☐ GRANTED IN PART   ☒ OTHER
3. CHECK IF APPROPRIATE: ................................................ ☐ SETTLE ORDER              ☐ SUBMIT ORDER
                                                          ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 32
--------------------------------------------------------------- X
JESSICA DENSON

                        Plaintiff,

               -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,


                        Defendant.
-------------------------------------------------------------- X

Index No. 101616/2017
Motion Seq: 001

DECISION & ORDER

HON. ARLENE P. BLUTH

     The motion by defendant to compel arbitration is denied. The cross-motion by plaintiff, who is self-represented, to amend her complaint is granted.


**Background**

     This action arises out of plaintiff's employment with defendant during the 2016 presidential election. Plaintiff was hired by defendant in August 2016 as a national phone bank administrator. She claims she was routinely overworked by her initial supervisor Camilo Jaime Sandoval– this included working seven days per week and ten hours per day. As the election approached, plaintiff was eventually assigned to work on the campaign's Hispanic outreach efforts. Plaintiff contends that Sandoval did not like this promotion and subjected plaintiff to a hostile tirade.

     Plaintiff alleges that she worked in a horrible work environment from late September 2016 through the election. Plaintiff makes numerous allegations about this time period and

Page 1 of 6

accuses Sandoval and other supervisors of tracking plaintiff's whereabouts, trying to "find dirt on her," cyberbullying and harassment.

Defendant moves to compel arbitration and argues that plaintiff signed an employment agreement in which she expressly agreed to arbitrate any disputes arising out of or relating to her employment. Defendant argues that because all of plaintiff's allegations relate to her employment, they should be subject to arbitration. In opposition, plaintiff claims that defendant relies on an arbitration provision in a non-disclosure agreement, not an employment agreement. In reply, defendant acknowledges that plaintiff's New York City Human Rights Law ("NYCHRL") claims are not subject to arbitration and that defendant intends to respond to those claims when a responsive pleading is due.

**Discussion**

"It is a well settled principle of law in this state that a party cannot be compelled to submit to arbitration unless the agreement to arbitrate 'expressly and unequivocally encompasses the subject matter of the particular dispute. Where . . . there is no agreement to arbitrate 'all disputes' arising out of the parties' relationship but, rather, a limited arbitration clause relating to a specific type of dispute, the clause must be read conservatively if it is subject to more than one interpretation" (*Trump v Refco Properties, Inc.*, 194 AD2d 70, 74, 605 NYS2d 248 [1st Dept 1993]).

Here, the arbitration clause states that:

"Without limiting the Company's or any other Trump Person's right to commence a lawsuit in a court of competent jurisdiction in the State of New York, any dispute arising under or relating to this agreement may, at the sole discretion of each Trump

Person, be submitted to binding arbitration in the State of New York pursuant to the rules for commercial arbitrations of the American Arbitration Association, and you hereby agree to and will not contest such submissions. Judgment upon the award rendered by an arbitrator may be entered in any court having jurisdiction" (plaintiff's cross-motion, exh A, ¶ 8b).

As an initial matter, the Court observes that the arbitration clause confines arbitration to "any dispute arising under or relating to this agreement." *It does not* require arbitration for any "dispute between the parties" or even "any dispute arising out of plaintiff's employment." And the agreement itself only includes a specific list of five prohibited acts on plaintiff's part: no disclosure of confidential information, no disparagement, no competitive services, no competitive solicitation and no competitive intellectual property claims (*id.* ¶¶ 1-5). Moreover, the agreement is simply titled "Agreement" – not "Employment Agreement"– and it contains nothing about plaintiff's job responsibilities, terms of her employment, salary, benefits, or her ability to pursue her own claims.

The Court reads the arbitration clause to allow this defendant or a Trump Person[1] to decide whether to commence a lawsuit or an arbitration if plaintiff violated a term of the agreement. There is simply no way to construe this arbitration clause in this agreement to prevent plaintiff from pursuing harassment claims in court. The arbitration clause could have been written to require any disputes arising out of plaintiff's employment to go to arbitration or that any claims brought by plaintiff against defendant must be sent to arbitration. But it did not. Instead, the clause is much narrower: it allows defendant to choose whether to arbitrate any dispute that arises out of the agreement: that is, the list of plaintiff's five prohibited actions. The

---

[1] "'Trump Person' means each of Mr. Trump, each Family Member, each Trump Company (including but not limited to the Company) and each Family Member Company" (*id.* ¶ 6g).

clause cannot be interpreted to apply to plaintiff's *affirmative* claims arising out of her employment.

Put simply, the subject agreement was limited to plaintiff's conduct with respect to five specific categories and defendant had the option of court or arbitration if it claimed plaintiff violated its terms. In this case, no one claims that plaintiff violated the terms that governed plaintiff's conduct in those five categories; this case is about defendant's conduct in the employment context. Therefore, neither the agreement nor its arbitration provision has any application here.

While the Court recognizes that the rules of the American Arbitration Association ("AAA") provide that the arbitrator shall decide questions of arbitrability (*see* Rule 7), the circumstances of this case do not require this Court to send this matter to an arbitrator. It isn't even a close question. This narrow arbitration clause, which only applies to the narrow agreement, simply does not cover the claims asserted in this case. Defendant's behavior, which is the subject of this litigation, is not subject to arbitration; only plaintiff's behavior as it relates to those five categories can be arbitrated.

"[A]bsent clear and unmistakable evidence that the parties entered into an agreement that the arbitrators would decide the arbitrability of their claims, it is a question for the courts" (*Smith Barney, Inc. v House,* 238 AD2d 104, 105-106, 655 NYS2d 489 [1st Dept 1997] [internal quotations and citations omitted]). Although the invocation of the AAA rules would ordinarily require the arbitrator to decide arbitrability (*see e.g., 21" Century N. America Ins. Co. v Douglas,* 105 AD3d 463, 963 NYS2d 170 [1st Dept 2013] [holding that incorporating AAA rules requires an arbitrator to decide questions of arbitrability]), the fact is that the Court cannot find clear and

unmistakable evidence that the parties agreed to have an arbitrator decide arbitrability for all disputes between them. Indeed, they only agreed that defendant could choose to arbitrate if it claimed plaintiff's conduct violated the agreement in those five categories.

Otherwise, the existence of an arbitration clause between two parties which invokes the AAA rules, regardless of an agreement's limited scope or applicability, would require an arbitrator to decide arbitrability. It would create clearly unintended situations. For instance, if a residential lease contains an arbitration provision with respect to the applicable rent on a renewal term and the lease invokes the AAA rules, then would an arbitrator have to decide questions of arbitrability if the tenant fell on the sidewalk because it was improperly maintained? Of course not. In certain situations, it is clear that the limited agreement is not applicable to the current dispute. And this is one of those times. Here, the issue is defendant's conduct. With the instant agreement, which governs five specific aspects of *plaintiff's* conduct, the Court would be abdicating its responsibility if it deferred the question of arbitrability of *defendant's* conduct to an arbitrator.

**Summary**

This Court's decision takes no position on the enforceability of any provisions of the agreement. Instead, this Court finds that the agreement was for a specific purpose– to prohibit plaintiff from doing certain things– and the arbitration clause states it only applies to that agreement. It does not apply to plaintiff's employment generally or to her ability to pursue the claims alleged in this lawsuit. To embrace that broad reading would be in contravention of the text of the agreement. Quite simply, the agreement only regulates plaintiff's behavior; it does not

address defendant's behavior. Therefore, it is not applicable to plaintiff's current claims.

Plaintiff's cross-motion to amend is granted.


Accordingly, it is hereby

ORDERED that defendant's motion is denied; and it is further

ORDERED that plaintiff's cross-motion for leave to amend the complaint is granted, and

the amended complaint in the proposed form annexed to the cross-motion shall be deemed served

upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that defendant shall serve an answer to the amended complaint or otherwise

respond within 20 days from the date of said service; and it is further

ORDERED that the parties are directed to appear for a preliminary conference in Room

432 at 60 Centre Street on October 4, 2018 at 2:15 p.m.


Dated: August 7, 2018
     New York, New York

_____
ARLENE P. BLUTH, JSC

HON. ARLENE P. BLUTH



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

September 14, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-8495

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of the following enclosures:

Response from Respondent dated September 7, 2018.

New York Supreme Court Order dated August 7, 2018.

At this time we request comments from Claimant.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:   Lawrence S. Rosen, Esq.

Hon. L. Paul Kehoe



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

September 19, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-8488

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of the enclosed response from Claimant dated September 18, 2018.

This will confirm the arbitrator is in receipt of the parties' submissions and will be making determination.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:   Lawrence S. Rosen, Esq.
      Hon. L. Paul Kehoe



AMERICAN
ARBITRATION
ASSOCIATION®   | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

October 5, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of a letter dated October 5, 2018, from Claimant, a copy of which is enclosed.

At this time we request comments from Respondent by close of business Monday, October 15, 2018.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:    Lawrence S. Rosen, Esq.
       Hon. L. Paul Kehoe

JESSICA DENSON
3925 Big Oak Drive, #4
Studio City, CA 91604


American Arbitration Association
Northeast Case Management Center
1301 Atwood Avenue
Suite 211N
Johnston, RI 02919

By FAX to: 866-644-0234

October 15, 2018


ATTN: Michele Gomez; RE: Case 01-17-0007-6454


To the American Arbitration Association:


I am again in receipt of a document from your organization requesting response from me. This is a courtesy response.

These arbitration proceedings, brought against me for my legal airing of a hostile work environment, should by now be understood as wholly illegitimate and appropriately dismissed as stated in my previous letter to you.

Although I believe these communications are inappropriate, I will state that the Campaign's use of the word "contumacious" to describe me is nothing short of vile and depraved. In fact, it is the Campaign that is contumacious and in willful disregard of the law, attempting to circumvent it by weaponizing an irrelevant *and* invalid agreement, *not me*. (See my September 28, 2018 Motion to Vacate Judgment, New York Southern District Court, 18-CV-2690)


Sincerely,


Jessica Denson



AMERICAN
ARBITRATION
ASSOCIATION®  | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

October 16, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of a letter dated October 15, 2018, from Respondent.

By copy of this letter we are transmitting the above to Claimant's counsel and the Arbitrator for consideration.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:   Lawrence S. Rosen, Esq.
      Hon. L. Paul Kehoe



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

October 16, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-8471

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

The hearings are declared closed as of October 15, 2018, the date of receipt of the final briefs. Therefore, the arbitrator shall have until November 14, 2018 to render the Award.

Please be reminded any direct exchange with the Arbitrator is terminated. All communications shall be directed to the AAA.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc:   Lawrence S. Rosen, Esq.
      Hon. L. Paul Kehoe



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

October 19, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via First Class Certified Mail
7017-0190-0000-9530-8303

Case Number: 01-17-0007-6454

Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Partial Award in the above matter.
This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall
be directed to the American Arbitration Association (the AAA).

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

cc:   Lawrence S. Rosen, Esq.
      Hon. L. Paul Kehoe



AMERICAN ARBITRATION ASSOCIATION®    INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

November 9, 2018

Patrick McPartland, Esq.
LaRocca Hornik Rosen Greenberg & Blaha, LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
Via Email to: pmcpartland@lhrgb.com

Jessica Denson
3925 Big Oak Drive, #4
Studio City, CA 91604
Via Mail

Case Number: 01-17-0007-6454
Donald J. Trump for President, Inc.
-vs-
Jessica Denson

Dear Parties:

This will acknowledge receipt of a letter dated November 8, 2018 along with Claimant's Application for Fees, from Claimant, a copy of which is enclosed.

By copy of this letter the American Arbitration Association (the AAA) is transmitting the above to the Arbitrator for consideration.

This is a reminder Respondent has until November 28, 2018 to submit a written response.

Sincerely,

Michele Gomez
Manager of ADR Services
Direct Dial: (401) 431-4848
Email: MicheleGomez@adr.org

Enclosure

cc:    Lawrence S. Rosen, Esq.
       Hon. L. Paul Kehoe