# **EXHIBIT D**

AMERICAN ARBITRATION ASSOCIATION

COMMERCIAL ARBITRATION TRIBUNAL

| | |
|---|---|
| In the Matter of Arbitration Between:<br><br>DONALD J. TRUMP FOR PRESIDENT,<br><br>CLAIMANT<br><br>v.<br><br>JESSICA DENSON,<br><br>RESPONDENT | Case No. 01-17-0007-6454 |

**PARTIAL AWARD**

**I, the Undersigned Arbitrator**, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly read and consider the documents submitted by the parties, do hereby, **Find** and **Award**, as follows:

1. **All Procedural History**

This arbitration arises from a written agreement (the "Agreement") between Claimant, as employer, and Respondent, as employee. The Agreement provides that it is deemed to have been made in the State of New York and that all claims with respect to the enforceability of the Agreement must be interpreted and construed pursuant to the laws of the State of New York without regard to conflict of laws. The Agreement further provides that the employee consents to exclusive personal jurisdiction and venue in the State of New York with respect to any action or proceeding brought with respect to the Agreement, and that any dispute arising under the Agreement may, at the sole discretion of named parties, including Claimant, be submitted to binding arbitration in the State of New York pursuant to the rules for commercial arbitrations of the American Arbitration Association.

Claimant commenced this arbitration by a Demand for Arbitration filed with the American Arbitration Association on December 20, 2017. Respondent was served with the Demand for Arbitration pursuant to AAA rules. She Has not submitted an answering statement.

1

Consequently, she is deemed to have denied the claim.

A scheduling conference was held by telephone on May 22, 2018. Claimant appeared by counsel. Respondent did not appear although she had been notified of the conference call pursuant to AAA rules. At the conference call the following rulings were made by the undersigned:

> "the parties shall submit in writing to the Association any documents pertaining to the arbitration, including a statement of facts together with any briefs, written arguments or other evidence you wish to submit by July 23, 2018."
>
> "Each party may file one written reply to the initial submission within 23 days from the date of transmittal of the statements and proofs by the other party(s)."
>
> "Failure of any party to make such a reply within a specified period of time is deemed to be a waiver of its right to reply."
>
> "When all the statements, proofs, and answers (if any) have been received by the Association, they will be transmitted to the arbitrator."
>
> "The arbitrator shall then examine the documents and request further evidence from the party (s), if necessary. Otherwise, the arbitration will be declared closed, and the time. For rendering the award begins on that date."
>
> "This is a reminder the arbitration may proceed in the absence of any party who fails to participate or fails to obtain a postponement."

Respondent was notified of the above rulings by letter from the Association dated May 22, 2018.

A second conference call by was held on August 20, 2018. Claimant appeared by counsel. Respondent did not appear although she had been notified of the conference call pursuant to AAA rules. Following the conference call, the undersigned issued an order which provides as follows:

> "**Ordered**, that AAA shall immediately serve the Application for an Award on Respondent by regular and certified mail (signature not required); and
>
> **Ordered**, that the parties are required to keep all documents and proceedings in this arbitration confidential pursuant to the rules of the American Arbitration Association; and
>
> **Ordered**, that Respondent shall have 23 days from the date of mailing to submit a response in opposition to the Application for an Award."

The Order was served upon Respondent by the Association with a letter dated August 20, 2018.

Respondent's first appearance in this matter was by a letter dated September 7, 2018 and filed with AAA on September 10, 2018, in response to claimant's Application for an

2

Award. The return address on Respondent's letter of September 7, 2018 is the address to which all notices and correspondence to her have been sent by AAA since the undersigned's appointment as arbitrator in this matter. Respondents letter does not contradict any of the factual allegations in the Application for an Award. Respondent's letter simply recites "ongoing litigation" and encloses a copy of Justice Bluth's Decision & Order of August 7, 2018 (hereinafter described in detail).

Respondent has commenced actions relating to her employment by Claimant in the Supreme Court of the State of New York, New York County (the "State Action"), and the U.S. District Court for the Southern District of New York (the "Federal Action").

Claimant moved in the State Action to compel arbitration. By Decision & Order dated August 7, 2018, Hon. Arlene P. Bluth, J.S.C., denied the motion, holding that the arbitration clause in the Agreement confines arbitration to "any dispute arising under or relating to this agreement" and that it does not require arbitration for any "dispute between the parties" or "any dispute arising out of plaintiff's employment." Justice Bluth further held that the agreement requires arbitration on claims relating to a specific list of five prohibited acts on Respondent's part: no disclosure of confidential information; no disparagement; no competitive services; no competitive solicitation; and no competitive intellectual property claims. Justice Bluth held that neither the Agreement nor its arbitration provision has any application to the affirmative claims asserted by Respondent in the State Action. The Decision in the State Action took no position on the enforceability of any provisions of the Agreement insofar as it relates to the five prohibited activities specifically listed above. No stay of this arbitration was granted in the State Action.

In the Federal Action Respondent sought a declaration that the Agreement "is void and unenforceable." Claimant moved to compel arbitration. The District Court held by Order dated August 30, 2018, that Respondent's claim that "the agreement is void and unenforceable" is a "dispute that arises out of the agreement," and is covered by the arbitration clause of the Agreement. Claimants motion to compel arbitration was granted and the Federal Action was dismissed.

DISCUSSISON

Although it does not expressly do so, I will consider Respondent's letter of September 7, 2018 as raising the the claim that she asserted in the Federal Action, *i.e.*, that the Agreement "is void and unenforceable." The District Court held that the validity of the agreement was an issue to be decided in this arbitration. Respondent has not submitted any law or argument which would support a finding by me that the Agreement "is void and unenforceable." I find that the Agreement is valid and enforceable.

3

Claimant's application requests an award: (1) finding that Respondent has breached her confidentiality, non-disparagement, and arbitration obligations under the agreement; (2) granting Claimant damages in the amount of $84,575.71 representing indemnification for the reasonable attorneys' fees and costs Claimant incurred in the state and federal court actions; (3) ordering Respondent to account for and disgorge to Claimant the total sum of all profits from her GoFundMe page; (4) granting Claimant an award of reasonable attorney's fees and costs incurred in this arbitration in an amount to be determined by the arbitrator upon a separate application by Claimant; and(5) granting Claimant all such further relief as the arbitrator deems proper and necessary. Respondent has had due notice of this arbitration and of the Application for an Award. Respondents only submissions in this matter are her letter of September 7, 2018 which enclosed a copy of Justice Bluth's Decision and Order of August 7, 2018, and a letter dated October 15, 2018 which challenges the Agreement as "*irrelevant and invalid.*" The letters do not assert facts contradicting the allegations relied upon by Claimant in its Application for an Award.

### AWARD

I find that the evidence submitted by Claimant on its Application for an Award is sufficient for an understanding and determination of the dispute in this arbitration. I find that Respondent has breached the Agreement by disclosing, disseminating and publishing confidential information in the Federal Action, and by making disparaging statements about Claimant and the Agreement on the Internet on her GoFundMe page and on her Twitter account. Claimant has been damaged by Respondent's breach in the amount of $24,808.20 which I find it reasonably expended to defend the Federal Action commenced by Respondent. Claimant is awarded the sum of $24,808.20.

Claimants demand for damages for legal services in connection with the State Action, in the amount of $44,744.71 is denied based upon Justice Bluth's decision holding that the issues in that action are not subject to arbitration under the Agreement.

Claimant's request to disgorge any monies received by Respondent from a GoFundMe page is not authorized by New York law or the Agreement and is denied.

Claimant's request for an award of reasonable attorney's fees and costs incurred in this arbitration is authorized by paragraphs 7 (b) and 8 (c) of the Agreement. That request is granted in an amount to be determined by the undersigned upon a separate application by Claimant. Claimant shall submit its written application within 20 days of the date of this Award. Respondent shall have 20 days after service of the application to submit a written

response.

The parties are reminded that all documents and proceedings in this arbitration are confidential pursuant to AAA rules.

Dated: October 19, 2018

_____
L. Paul Kehoe     Arbitrator