UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA DENSON,

                                Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                                Defendant.
------------------------------------------------------------------X

Civil Action No.
18-cv-2690 (JMF)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO CONFIRM ARBITRAL AWARDS

*On the brief:*

*Lawrence S. Rosen, Esq.*

**LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*

Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys LaRocca Hornik Rosen Greenberg & Blaha LLP, respectfully submits this Memorandum of Law in support of its motion, pursuant to 9 U.S.C. § 9, to confirm the arbitral awards issued by Judge L. Paul Kehoe of the American Arbitration Association ("AAA") on October 19, 2018 and December 11, 2018.

## PRELIMINARY STATEMENT

On August 30, 2018, this Court ruled that any issues relating to the validity or enforceability of the written agreement that plaintiff signed in connection with her employment with the Campaign (the "Agreement"), including any issues of arbitrability, were within the sole jurisdiction of the arbitrator, thereby authorizing the Campaign's arbitration against plaintiff before the AAA (the "Arbitration") to continue. Nevertheless, plaintiff continued to refuse to appear in the Arbitration, which subsequently resulted in the issuance by Judge Kehoe of two awards in favor of the Campaign.

In his written awards in the Arbitration, Judge Kehoe ruled that the Agreement was valid and enforceable; that plaintiff breached her confidentiality and non-disparagement obligations under the Agreement; and that the Campaign suffered pecuniary damages as a result. For the reasons set forth below, those arbitral awards should now be confirmed by this Court.

**STATEMENT OF FACTS**

The Court is respectfully referred to the accompanying Declaration of Lawrence S. Rosen, dated December 21, 2018 (the "Rosen Decl."), for a brief recitation of the factual and procedural history relevant to this motion to confirm the arbitral awards issued by Judge Kehoe.

**ARGUMENT**

**I.**

**THE ARBITRAL AWARDS
SHOULD BE CONFIRMED**

It is well-established that arbitral awards "are subject to very limited review" and "must be enforced unless a ground for vacatur is affirmatively shown to exist." *Bogar v. Ameriprise Financial Services, Inc.*, 2017 WL 1745566, * 2–4 (S.D.N.Y. May 4, 2017) (*citations and quotations omitted*); *see also Wall Street Associates, L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994) (finding that an arbitral award is "valid unless it is proven otherwise" and "the validity of an award is subject to attack only on those grounds listed in [9 U.S.C.] § 10"); *Yahoo! Inc. v. Microsoft Corp.*, 983 F.Supp.2d 310, 316 (S.D.N.Y. 2013) ("[t]he Second Circuit has consistently accorded the narrowest of readings to [9 U.S.C. § 10] in order to facilitate the purpose underlying arbitration: to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation"); *Hamerslough v. Hipple*, 2012 WL 5290318, * 3 (S.D.N.Y. October 25, 2012) ("[v]acatur of arbitral awards is extremely rare, and justifiably so").

Here, the Campaign commenced the Arbitration against plaintiff before the AAA, and the appointed arbitrator, Judge Kehoe, issued two awards in favor of the Campaign.[1]  In the first award, dated October 19, 2018 (the "October 19, 2018 Award"), Judge Kehoe determined that the Agreement "is valid and enforceable" and that plaintiff "breached the Agreement by disclosing, disseminating and publishing confidential information in [the instant federal court action], and by making disparaging statements about [the Campaign] and the Agreement on the internet and on her GoFundMe page and on her Twitter account."  As a result, he ruled that the Campaign "ha[d] been damaged by [plaintiff's] breach" in the amount of $24,808.20.  He further determined that the Campaign, as the prevailing party, was entitled to a supplemental award of the attorneys' fees and costs it incurred in the Arbitration.  *Rosen Decl., ¶ 7, Exh. D, p. 4.*

Judge Kehoe subsequently issued a second award on December 11, 2018 (the "December 11, 2018 Award") awarding the Campaign $20,407.59 for the attorneys' fees and costs incurred in the Arbitration, plus an additional $4,291.85 for additional attorneys' fees and costs that the Campaign incurred subsequent to October 19, 2018.  Finally, he awarded the Campaign interest at the rate of 9% per annum on the total award of $49,507.64 from the date of the issuance of the December 11, 2018 Award.  *Rosen Decl., ¶ 9, Exh. E.*

---

[1] Plaintiff knowingly and intentionally refused to participate in the Arbitration despite repeated notice by the AAA. *Rosen Decl., ¶¶ 4-5, Exh. B*.  In fact, she refused to participate in the Arbitration even after this Court expressly ruled—in granting the Campaign's motion to compel arbitration of her declaratory judgment claim in this action—that any issues as to the validity or enforceability of the Agreement, including issues of arbitrability, were within the sole jurisdiction of the arbitrator (the "Order").  *Rosen Decl., ¶ 6, Exh. C*.  Plaintiff also recently attempted to make an end-run around this Court's Order (and forum-shop) by filing an order to show cause in Supreme Court, New York County seeking a TRO staying the Arbitration on the grounds, among others, that Judge Kehoe exceeded his arbitral authority when he determined that the Agreement was a valid and enforceable contract.  Her application for a TRO was denied by Judge Bluth on December 4, 2018, thereby allowing the Arbitration to conclude and this confirmation motion to proceed.   Plaintiff's order to show cause is returnable before Judge Bluth on January 29, 2019.

A plain reading of Judge Kehoe's awards reveals that there is no basis for vacatur under 9 U.S.C. § 10, especially considered in light of the rationale underlying this Court's prior Order. As such, the awards should be confirmed by this Court. *See e.g. Yahoo! Inc. v. Microsoft Corp.*, 983 F.Supp.2d 310, 316 (S.D.N.Y. 2013) (confirming arbitral award and rejecting assertions that arbitrator exceeded his authority); *Global Reinsurance Corp. of America v. Argonaut Ins. Co.*, 634 F.Supp.2d 342, 350 (S.D.N.Y. 2009) (confirming arbitral award and rejecting assertions that arbitration panel manifestly disregarded the law).

## CONCLUSION

Based on the foregoing, defendant Donald J. Trump for President, Inc. respectfully requests that the Court (i) confirm both the October 19, 2018 Award and the December 11, 2018 Award issued by Judge Kehoe, (ii) issue a judgment in favor of the defendant and against plaintiff in the total amount of $49,507.64, plus costs, and interest at the rate of 9% per annum from December 11, 2018, and (iii) grant the defendant all such other relief as this Court may deem just and proper.

Dated: New York, New York
December 21, 2018

                                  LAROCCA HORNIK ROSEN
                                  GREENBERG & BLAHA LLP

                                  By:_____
                                  Lawrence S. Rosen
                                  40 Wall Street, 32nd Floor
                                  New York, New York 10005
                                  T: (212) 530-4822
                                  E: LROSEN@LHRGB.COM

                                  *Attorneys for defendant*
                                  *Donald J. Trump for President, Inc.*