

LaRocca Hornik Rosen
Greenberg & Blaha LLP
COUNSELORS AT LAW

FRANK J. LaRocca ᴄᴏ
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG ᴅ
ERIC PETER BLAHA
AMY D. CARLIN ᴅ
PATRICK T. MᶜPARTLAND ᴅ
DAVID N. KITTREDGE ᴅ
FLORENCE R. GOFFMAN ᴅᴏ
JARED E. BLUMETTI
SHERRY HAMILTON
SEAN EDWARDS ᴅ

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK. NY 10005

212-530-4823
212-530-4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732-409-1144
732-409-0350 FAX

ᴅ NEW YORK BAR ONLY
ᴊ NEW JERSEY BAR ONLY
ᴏ OF COUNSEL ATTORNEYS
ᶜ CERTIFIED MATRIMONIAL LAW ATTORNEY
ᴸ PRACTICING AS AN LLC

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

January 3, 2019

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:     Jessica Denson v. Donald J. Trump for President, Inc.
        Docket No. 18-cv-2690 (JMF)

Dear Judge Furman:

We represent defendant Donald J. Trump for President, Inc. (the "Campaign") in the above-captioned action, and write in response to plaintiff's December 24, 2018 letter requesting that Your Honor abstain from considering the Campaign's motion to confirm the arbitral awards that were duly issued by Judge L. Paul Kehoe in its favor. Simply stated, there is neither a legal nor factual basis for this Court to abstain from hearing the Campaign's motion.[1]

By way of brief background, plaintiff commenced this lawsuit in March 2018 seeking a declaratory judgment that the agreement (the "Agreement") she had signed at the outset of her employment with the Campaign was void and unenforceable. Plaintiff filed her lawsuit following the Campaign's commencement against her of an arbitration (the "Arbitration") in which the Campaign had asserted that she had breached the confidentiality and non-disparagement provisions of the Agreement. In response to the Campaign's motion to compel arbitration of her

---

[1] Plaintiff tellingly fails to cite to an applicable "abstention" doctrine or provide any other legal authority to support her extraordinary request for abstention. The only abstention doctrine that even remotely applies is the *Colorado River* doctrine, which weighs against abstention. Specifically, this Court initially had jurisdiction over plaintiff's challenges to the validity and enforceability of the parties' written agreement (as well as the arbitrator's jurisdiction thereunder), and any re-hash of these issues by plaintiff are governed by this Court's prior orders and the Federal Arbitration Act. As such, plaintiff cannot satisfy the requisite factors under *Colorado River*, even if it applied. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236 (1976).

claim, Your Honor expressly held—based on Supreme Court precedent in *Buckeye Check Cashing, Inc. v. Cardegna*—that plaintiff must arbitrate her claim because issues regarding the validity and enforceability of the Agreement, ***including issues of arbitrability***, were reserved for Judge Kehoe, the AAA arbitrator. *See* ECF Doc. No. 23. Plaintiff's subsequent motion for reconsideration was denied by Your Honor *sua sponte*. *See* ECF Doc. No. 28.

Plaintiff, however, still refused to formally appear in the Arbitration. The AAA—which does not entertain applications for default awards—nevertheless continued to provide plaintiff with written notice of (and an opportunity to be heard in) each and every step of the Arbitration, which was pending for approximately one year. In the Arbitration, Judge Kehoe found, among other things, that the Agreement ***was*** valid and enforceable. *See* ECF Doc. No. 30, Exh. D–E.

In response to Judge Kehoe's findings and initial arbitral award, plaintiff filed a TRO application in state court that sought to stay the Arbitration and vacate the award on the grounds that Judge Kehoe exceeded his authority by ruling on ***the "validity and enforceability" of the Agreement***, i.e., the ***very same*** authority that Your Honor already ruled was solely within Judge Kehoe's arbitral jurisdiction. Thus, by asking this Court to abstain from ruling on the Campaign's motion, and by filing an application in state court hoping to obtain a different ruling, plaintiff is impermissibly making an end-run around Your Honor's prior orders and appears to herself be engaged in blatant forum-shopping.[2]

Under the Agreement, the Campaign is permitted to obtain from this Court a judgment upon the arbitral awards issued by the AAA. *See* ECF Doc. No. 30, Exh. A, ¶ 8(b). Your Honor has already specifically ruled on Judge Kehoe's authority to determine whether the Agreement was valid and enforceable (whereas the state court action deals with separate claims, i.e., plaintiff's employment claims against the Campaign). Moreover, there is a pending action before Your Honor which—to the extent the docket was previously administratively closed—was ***re-opened by plaintiff*** when she made two subsequent applications following the issuance of Your Honor's August 30, 2018 decision and order.[3] *See* ECF Doc. No. 25–28.

It is thus this Court that is the appropriate forum to hear the Campaign's motion to confirm the arbitral awards. For these reasons, it is respectfully requested that Your Honor deny plaintiff's abstention application in its entirety.

Respectfully submitted,

Lawrence S. Rosen

---

[2] In her December 24, 2018 letter to this Court, plaintiff also curiously states that she intends to file an arbitration that will challenge the validity and enforceability of the Agreement. In doing so, however, plaintiff unwittingly concedes, as correct, Your Honor's prior ruling that any issue as to the validity and enforceability of the Agreement is itself an arbitrable controversy. As such, rather than filing a motion in state court, plaintiff should have filed her challenge with the AAA and Judge Kehoe in the context of the Arbitration.

[3] On this point, plaintiff's assertion that the Campaign should be barred from bringing this motion under the instant docket because of a prior administrative dismissal is disingenuous. We note, moreover, that we contacted this Court on November 30, 2018 prior to filing the Campaign's motion and were instructed to do so under this docket.

cc:    David K. Bowles, Esq. (via email and ECF)
        Maury Josephson, Esq. (via email and ECF)