UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON<br><br>                    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.<br><br>                    Defendant. | Civil Action No. 18-cv-2690 (JMF)<br><br>**DECLARATION OF JESSICA DENSON IN OPPOSITION TO DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARDS AND IN SUPPORT OF CROSS-MOTION TO VACATE AWARDS** |

I, JESSICA DENSON, declare as follows:

1. I am the plaintiff in the above-captioned matter and make this declaration in opposition to the motion of Donald J. Trump for President, Inc. ("Defendant" or the "Campaign") to confirm arbitration awards, and in support of my cross-motion to vacate the same awards.

2. On November 14, 2017, I sued the Campaign for sex discrimination and harassment, along with common law employment claims by filing a lawsuit in New York State Court. The lawsuit is captioned *Jessica Denson v. Donald J. Trump for President, Inc.*, Index No. 101616/17 (Supreme Court, New York County, Justice Arlene Bluth presiding) (the "State Court Action")

3. Soon thereafter, on March 19, 2018, the Campaign attempted to stop this lawsuit by compelling arbitration, and therefore keeping this matter confidential.  A copy of the Campaign's motion to compel arbitration in the State Court Action is attached to the accompanying declaration of my counsel.

4. I received the demand for arbitration by Federal Express. It was not served on me by personal service, nor by registered or certified mail. A copy of the Campaign's demand for arbitration is attached to the accompanying declaration of my counsel.

5. I did not believe that this was right, or that my case should be controlled by the nondisclosure agreement that I had signed, so I opposed the motion.

6. On August 9, 2018, the state court denied the Campaign's motion to compel arbitration and allowed the State Court Action to continue.

7. I believed at that time and still believe that the matters that I am claiming – the abhorrent behavior by employees of the Campaign – should be brought in open court, not in a secret arbitration.

8. I became aware at some point after I filed the State Court Action that, on December 20, 2017, the Campaign had filed an arbitration against me saying that I violated the Campaign's non-disclosure and non-disparagement agreement ("NDA") by filing the State Court Action to protest sex discrimination and harassment.

9. At some point I learned that the American Arbitration Association ("AAA") was sending notices to my address in California. Due to the demands of this litigation, I have been largely absent from California, but I had a friend periodically check my mail, and ultimately learned that the arbitration was still going on.

10. I believe that Judge Bluth's decision of August 9, 2018 in the State Court Action found the subject matter of the arbitration non-arbitrable. Although I had not appeared and was not participating in the Arbitration, I sent a letter to the AAA dated September 7, 2018 to inform it of the non-arbitrability finding. A copy of the letter is attached to the accompanying

declaration of my counsel.  My letter did not, and I did not intend for my letter to raise any issue for decision in the arbitration, including any issue relating to my claim that the NDA is invalid.

11. I am aware of this Court's decision that I must submit my claim concerning invalidity of the NDA to arbitration.  I intend to do so on a class-wide basis by filing a class action arbitration with the AAA.

12. I note that the Campaign has provided a copy of the NDA (Declaration of Lawrence S. Rosen ("Rosen Dec.") at Ex. A) that has a signature for the Campaign.  The Campaign never provided me with a signed copy of the NDA, and I do not believe it was signed before the State Court Action.  In fact, the first copy of the NDA the Campaign produced was attached to their December 20, 2017 AAA filing, and was at that time still unsigned by the Campaign.

13. I retained counsel on October 30, 2018.  Before that time, I was acting on my own behalf.

14. I now submit this declaration in opposition to the Campaign's motion to confirm arbitration awards and in support of my cross-motion to vacate the awards if the Court reaches the merits of the motion for the reasons stated in the accompanying Memorandum of Law.

15. I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 18, 2019.

_____
Jessica Denson