UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA DENSON,

                                      Civil Action No.
               Plaintiff,             18-cv-2690 (JMF)

   -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

               Defendant.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO CONFIRM ARBITRAL AWARDS
AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO VACATE**

**LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*

Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys LaRocca Hornik Rosen Greenberg & Blaha LLP, respectfully submits this Memorandum of Law in (i) further support of its motion, pursuant to 9 U.S.C. § 9, to confirm the arbitral awards issued by Judge L. Paul Kehoe of the American Arbitration Association ("AAA") on October 19, 2018 and December 11, 2018 (the "Arbitral Awards"), and (ii) in opposition to plaintiff's cross-motion to vacate the Arbitral Awards.

## PRELIMINARY STATEMENT

Plaintiff now comes back to this Court for the third time and raises the very same issues of arbitrability that were previously rejected twice by this Court. Both in her opposition to the Campaign's motion to compel arbitration and in her motion for reconsideration, plaintiff asserted that the agreement she had signed at the outset of her employment with the Campaign (the "Agreement") was "void and unenforceable" and was being improperly used by the Campaign to retaliate against her for asserting employment claims in state court, i.e., the exact same arguments that she is making on this motion.

In compelling arbitration of plaintiff's claims, on August 30, 2018, this Court expressly held—based on United States Supreme Court precedent—that all issues relating to the validity or enforceability of the Agreement, including issues of arbitrability, were solely reserved for Judge Kehoe, the AAA Arbitrator (the "Order"). Nevertheless, plaintiff has attempted to rehash these arguments again and again in both federal and state court, including on a motion for reconsideration she filed with this Court (that was rejected *sua sponte*), a current application in state court collaterally attacking this Court's Order, and on this instant motion to confirm the Arbitral Awards. All the while, plaintiff continued to disregard the Order, refused to appear in the

Arbitration, and refused to advance her position before Judge Kehoe. She is thus barred as a matter of law from raising these arguments again here.

Plaintiff devotes the majority of her opposition to purported subject matter jurisdiction and abstention arguments, seemingly so as to make an end-run around this Court's Order and have her arbitrability claims decided differently by the state court judge. Even putting aside what appears to be blatant and improper forum-shopping, her arguments are unavailing and lack merit.

For these reasons (and the reasons set forth below), it is respectfully requested that the Campaign's motion to confirm the Arbitral Awards be granted in its entirety, and plaintiff's cross-motion be denied in its entirety.

## ARGUMENT

### I.

### THE ARBITRAL AWARDS MUST BE CONFIRMED

**A.    Judge Kehoe Did Not Exceed His Authority**

As an initial matter, plaintiff is estopped by this Court's Order from re-litigating issues of enforceability and arbitrability on this motion. *See e.g. Yeiser v. GMAC Mortg. Corp.*, 535 F.Supp.2d 413, 421 (S.D.N.Y. 2008) (collateral estoppel "prevents a party from litigating, for a second time, an issue of fact or law that has once been decided"). This Court has already ruled that any purported challenge by plaintiff regarding the validity and enforceability of the Agreement, including issues of arbitrability, are reserved for the AAA arbitrator.[1]

Following the issuance of this Court's Order (and absent a successful appeal), plaintiff was compelled and constrained to solely raise in the context of the Arbitration all issues regarding the

---

[1] Specifically, this Court ruled that "the parties' dispute—including the threshold question of arbitrability itself—is for an arbitrator, not this Court, to decide." *A true and correct copy of the Order is attached as Exhibit C to the moving Declaration of Lawrence S. Rosen, dated December 21, 2018 (the Moving Rosen Decl.), p. 2.*

2

enforceability of the Campaign's claims and the jurisdiction of Judge Kehoe. Plaintiff, however, refused to do so despite being afforded repeated opportunities by the AAA and the Campaign. *Moving Rosen Decl., ¶¶ 4–5, Exh. B.* As such, plaintiff's instant assertions that Judge Kehoe "exceeded his authority" in the Arbitration by ruling on the validity and enforceability of the Agreement and by adjudicating non-arbitrable claims are both barred as matter of law.[2]

Even if plaintiff was not estopped from re-litigating these issues, plaintiff has nevertheless failed to establish that Judge Kehoe in any way "exceeded his authority" in the Arbitration. The Second Circuit has "consistently accorded the narrowest of readings" to 9 U.S.C. § 10(a)(4). *See Bogar*, 2017 WL 1745566 at * 2. The true inquiry in determining whether an arbitrator "exceeded his authority" is to examine whether the arbitrator exceeded the powers granted to him or her under the parties' arbitration agreement. *Id*. Here, as this Court previously determined, the parties' arbitration agreement expressly authorized Judge Kehoe to decide "any dispute arising under or related to" the Agreement and contains no express or implied limitation on his arbitral power. Thus, there can be no "exceedance of authority" here. *See e.g. ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) ("[w]here an arbitration clause is broad, arbitrators have the discretion to order such remedies as they deem appropriate").

Furthermore, plaintiff's assertion that Judge Kehoe exceeded his authority by ruling on the validity and enforceability of the Agreement because neither party "placed that issue before him" not only ignores that this Court expressly reserved this determination for Judge Kehoe, but also ignores the fact that the primary purpose of the Arbitration was for Judge Kehoe to adjudicate the Campaign's **_contract_** claim against plaintiff for breaching the Agreement. It is axiomatic that the

---

[2] Plaintiff also never appealed the Order, this despite requesting and being provided with an extension of time to file her Notice of Appeal. *See* ECF Doc. No. 25–26. She is thus not only attempting to make an end-run around her failure to raise her purported defenses in the Arbitration, but also attempting to circumvent her failure to timely challenge this Court's prior ruling on appeal.

very first element to be considered in a breach of contract claim is whether there was in fact a valid and enforceable agreement between the parties. *See e.g. Price v. L'Oreal USA, Inc.*, 2018 WL 3869896, * 7 (S.D.N.Y. August 15, 2018) (the elements of a breach contract claim are (1) the existence of a valid agreement, (2) performance, (3) a breach of the agreement, and (4) damages). Judge Kehoe's finding simply establishes that he followed the law in arriving at his decision.[3]

Also without merit is plaintiff's additional assertion now that the Campaign's claims against her in the Arbitration were not arbitrable in the first instance as a result of the state court having found that her employment discrimination claims were not arbitrable.[4] *Plaintiff's opposition, p. 16.* Even putting aside this Court's Order that all issues of arbitrability are reserved for Judge Kehoe, the state court expressly acknowledged in its August 7, 2018 Decision and Order that affirmative claims made by the Campaign against plaintiff for breaching her contractual obligations under the Agreement would fall under the parties' arbitration agreement. *See* August 7, 2018 state court Decision and Order, p. 3. Indeed, parties frequently adjudicate arbitrable and non-arbitrable claims arising out of similar circumstances in two different forums at the same time. *See e.g. Collins & Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) ("[i]f some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court").

---

[3] In her opposition papers, plaintiff states that she intends to file a "class arbitration" that will challenge the validity and enforceability of the Agreement. *Plaintiff's opposition, pp. 2, 17.* In doing so, plaintiff tacitly concedes that her instant challenges to arbitrability on this motion are, in fact, arbitrable and should have been asserted as defenses and affirmative claims before Judge Kehoe in the context of the Arbitration.

[4] Plaintiff repeatedly misstates in her opposition papers that the Campaign moved to compel arbitration of her employment discrimination claims under the NYCHRL. **_This is untrue_**. To the contrary, the Campaign expressly acknowledged in its moving papers in state court that plaintiff's NYCHRL claims were NOT arbitrable and could be pursued in state court. The Campaign moved only to compel arbitration of plaintiff's common law tort claims, NOT her NYCHRL claims. The fact that her NYCHRL claims were not arbitrable, however, does not in any way obviate her contractual confidentiality and non-disparagement obligations or otherwise prevent the parties litigating arbitrable claims in Arbitration and non-arbitrable claims in court.

**B.**     **The Arbitral Awards Do Not Violate Public Policy**

Plaintiff's purported public policy argument is based entirely on her assertion that the Campaign filed its claim for breach of contract with the AAA to retaliate against her for asserting employment discrimination claims in state court, i.e., the very same argument that this Court directed plaintiff to raise in the Arbitration. *Plaintiff's opposition brief, p. 10.* She is estopped by this Court's Order (and by her failure to appeal it) from raising this same issue again now.

Significantly, moreover, plaintiff provides no authority to support her contention that a breach of a confidentiality claim is retaliatory *per se* when made against a plaintiff who asserted employment claims, much less that the assertion by her of an employment claim somehow obviates her own contractual confidentiality and non-disparagement obligations. In fact, parties and courts routinely allow for employment claims to be publicly litigated with protective orders and confidentiality stipulations so that an appropriate balance can be struck as to the competing interests of the parties. Thus, plaintiff has failed to meet her heavy burden of demonstrating that the Arbitral Awards "violate some explicit public policy that is well defined and dominant." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824–25 (2d Cir. 1997).

In any event, plaintiff's retaliation argument is academic because Judge Kehoe ***did not*** base either of the two Arbitral Awards on any statements or disclosures of confidential information that were made by plaintiff ***in the state court lawsuit***. *See e.g. New York State Elec. and Gas Corp. v. System Council U-7 of Intern. Broth. of Elec. Workers*, 328 F.Supp.2d 313, 316 (N.D.N.Y. 2004) ("in reviewing an arbitration award for a violation of public policy, a court must focus on the *result* of the award") (*emphasis in original*). To the contrary, Judge Kehoe determined that plaintiff breached the Agreement by "disclosing, disseminating and publishing confidential information ***in the federal action***, and by making disparaging statements about [the Campaign] and the

5

Agreement ***on the internet on her GoFundMe page and on her Twitter account.***" Judge Kehoe did ***not*** award any damages relating to the commencement or prosecution by plaintiff of the state court action. *Moving Rosen Decl., Exh. D–E.*

## II.

## THIS COURT HAS SUBJECT MATTER JURISDICTION

In actions seeking declaratory relief, "it is well established that the amount in controversy [for diversity purposes] is measured by the value of the object of the litigation…[t]his amount is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Dorchester Financial Holdings Corp. v. Banco BRJ, S.A.*, 2016 WL 3746883, * 3 (S.D.N.Y. July 8, 2016) (*internal quotations omitted*).

Here, "the injury being averted" by plaintiff in initially requesting that this Court declare her Agreement void and unenforceable is the one and a half million dollars that the Campaign identified in its Demand for Arbitration. *See e.g. Lighton Industries, Inc. v. Allied World National Assurance*, 2018 WL 4689132, * 8 (E.D.N.Y. September 28, 2018) (amount in controversy in actions seeking a declaration that insurers had a duty to defend and indemnify insureds in a personal injury action was the $2 million in damages being sought in the underlying personal injury suit).[5] As there was complete diversity of the parties—plaintiff from California and the Campaign incorporated in Virginia with a principal place of business in New York—this Court had subject matter jurisdiction under 28 U.S.C. 1332(a) at the time this action was filed by plaintiff.

---

[5] Plaintiff's assertion that the Campaign's motion "should be considered a new action" simply because this docket was previously administratively closed finds no support in fact or law. *Plaintiff's opposition, p. 11.* Indeed, plaintiff herself re-opened this case by making two subsequent applications following the issuance of this Court's August Order. *See* ECF Doc. No. 25–28. This Court has "vast inherent discretionary power to manage [its] docket and cases." *Snyder v. Shenendehowa Cent. School Dist.*, 244 F.R.D. 152, 155 (N.D.N.Y. 2007).

### III.

### THERE ARE NO GROUNDS FOR ABSTENTION

As a threshold matter, the *Colorado River* abstention doctrine likely does not even apply here—it applies to "parallel proceedings," not parallel motions in two separate proceedings. *See Dalzell Management Co., Inc. v. Bardonia Plaza, LLC*, 923 F.Supp.2d 590, 597 (S.D.N.Y. 2013). Plaintiff—who commenced both proceedings—based her state court action for money damages on her employment discrimination claims against the Campaign, but based this federal action for equitable relief (declaratory judgment) on her belief that the Agreement was void and unenforceable. These are separate actions based on separate claims that seek different relief and, therefore, cannot be deemed "parallel." *See e.g. Kirby McInerney LLP v. Lee Medical, Inc.*, 2017 WL 468501, * 3 (S.D.N.Y. October 16, 2017) ("[f]or proceedings to be parallel, the parties, issues, and relief sought must be the same").

In any event, plaintiff fails to satisfy *any*—let alone a majority of—the six factors that must be considered when evaluating whether *Colorado River* abstention is appropriate. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). Specifically, her abstention argument fails because:

(i) There is no res over which one of the courts has assumed jurisdiction. This **neutral** factor **weighs against** abstention. *See e.g. Niagara*, 673 F.3d at 100 (if a factor "is facially neutral, that is a basis for retaining jurisdiction, not for yielding it").

(ii) The fora, situated around the corner from one another, are equally convenient for the parties. This **neutral** factor **weighs against** abstention.

(iii) Adjudicating the Campaign's motion in this Court will not create "piecemeal litigation." The fact that this Court and the state court might "reach different answers" is immaterial because "the mere potential for conflicting outcomes between the two actions does not justify abstention under the piecemeal litigation factor." *Dalzell Management Co., Inc.*, 923 F.Supp.2d at 599. This factor **weighs against** abstention.

7

(iv)  This Court was the first court to have jurisdiction over the issues germane to this motion (e.g. whether Agreement is valid and enforceable, and whether these issues were arbitrable). This factor **weighs against** abstention.

(v)  The FAA and federal case law, including this Court's August and October Orders and the United States Supreme Court's decision in *Buckeye Check Cashing, Inc.*, provide the rules of decision in this case. This factor **weighs against** abstention.

(vi)  Plaintiff's federal rights are not at issue in state court. This **neutral** factor **weighs against** abstention.

For these reasons, plaintiff's abstention request must be denied. *See e.g. Carruthers v. Flaum*, 388 F.Supp.2d 360, 377 (S.D.N.Y. 2005) (declining to abstain where only two of the six *Colorado River* factors weighed in favor of abstention).

## CONCLUSION

Based on the foregoing, defendant Donald J. Trump for President, Inc. respectfully requests that the Court grant the Campaign's motion to confirm the Arbitral Awards in its entirety and deny plaintiff's cross-motion to vacate the Arbitral Awards in its entirety.

Dated: New York, New York
January 24, 2019

                                      LAROCCA HORNIK ROSEN
                                      GREENBERG & BLAHA LLP

                                      By: _____
                                      Lawrence S. Rosen
                                      40 Wall Street, 32nd Floor
                                      New York, New York 10005
                                      T: (212) 530-4822
                                      E: LROSEN@LHRGB.COM

                                      *Attorneys for defendant*
                                      *Donald J. Trump for President, Inc.*