

LaRocca Hornik Rosen
Greenberg & Blaha LLP
COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212-530-4823
212-530-4815 fax
LHRGB.COM

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732-409-1144
732-409-0350 fax

Frank J. LaRocca ◊◊
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg ∆
Eric Peter Blaha
Amy D. Carlin ◊
Patrick T. McPartland ∆
David N. Kittredge ◊
Florence R. Goffman ◊◊
Jared E. Blumetti
Sherry Hamilton
Sean Edwards ∆

∆   New York Bar Only
†   New Jersey Bar Only
◊   Of Counsel Attorneys
◊◊  Certified Matrimonial Law Attorney
*   Practicing as an LLC

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

February 25, 2019

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

> Re:   Jessica Denson v. Donald J. Trump for President, Inc.
> Docket No. 18-cv-2690 (JMF)

Dear Judge Furman:

We represent defendant Donald J. Trump for President, Inc. (the "Campaign") and write in response to plaintiff's February 22, 2019 letter regarding her recent filing with the American Arbitration Association ("AAA") of a putative class action arbitration against the Campaign. *See* ECF Doc. No. 42.

Currently pending before this Court are (i) the Campaign's motion to confirm the arbitral awards issued by Judge L. Paul Kehoe of the AAA in the prior arbitration the Campaign commenced against plaintiff and (ii) plaintiff's cross-motion to vacate those awards. Respectfully, plaintiff's filing of a new AAA arbitration has no impact on these fully-briefed motions.

Nevertheless, plaintiff's new arbitration filing is significant for its tacit recognition that all issues as to the validity and enforceability of the parties' written agreement are arbitrable as a matter of law, and thus should have been asserted by plaintiff to Judge Kehoe as defenses to the Campaign's claims in the prior arbitration. For reasons best known only to plaintiff, however, she refused to participate in the prior arbitration. We addressed these issues in our underlying motion papers, including the import of plaintiff's stated intent to file a putative class action arbitration. *See* ECF Doc. No. 41 at p. 4, fn. 3.

Respectfully submitted,

Lawrence S. Rosen

cc:   David K. Bowles, Esq. (via email and ECF)
Maury Josephson, Esq. (via email and ECF)