# LaRocca Hornik Rosen & Greenberg LLP

COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

LHRGB.COM

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732.409.1144
732.409.0350 fax

Frank J. LaRocca +◊
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg ▲
Amy D. Carlin ▲
Patrick T. McPartland ▲
David N. Kittredge ▲
Jonathan F. Ball ◊
Jared E. Blumetti
Katelyn Canning
Florence R. Goffman ▲◊
Sherry Hamilton ▲
Peter Kelegian ▲
Drew Tanner ‡
Lauren Weissman-Falk

▲ New York Bar Only
‡ New Jersey Bar Only
◊ Of Counsel Attorneys
○ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

May 29, 2019

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   Jessica Denson ("Plaintiff") v. Donald J. Trump for President, Inc. ("Campaign")
Docket No. 18-cv-2690 (JMF)

Dear Judge Furman:

We are counsel for the Campaign and write to request that Your Honor deny Plaintiff's letter motion, which seeks leave to file a supplemental brief in connection with the parties' respective motions to confirm and vacate the arbitral awards that were rendered in favor of the Campaign. *See* ECF Doc. No. 29-41.

As an initial matter, the parties' motions were fully-briefed and submitted to this Court more than four months ago on January 24, 2019. In the interim, nothing extraordinary has occurred to warrant Plaintiff filing a supplemental brief for no discernable reason other than to raise additional public policy arguments she could have raised in her underlying cross-motion. Indeed, Plaintiff cites to no change in the law or new evidence that has any impact whatsoever on the public policy arguments she has already made (or the new arguments she purports to make in her proposed supplemental brief). *See e.g. Jackson v. Goord*, 664 F.Supp.2d 307, 314 (S.D.N.Y. 2009) (denying request to file supplemental brief where defendants did not "cite any change in the law or new evidence that was unavailable to them at the time of their original motion").

Plaintiff's confusing references to her recently filed class action arbitration—which the Campaign has opposed because it is barred by the doctrines of *res judicata* and collateral

estoppel—are misplaced as the Campaign's estoppel defenses bear no logical nexus to the additional public policy arguments Plaintiff seeks to raise in her proposed supplemental brief.[1]

For all of these reasons, it is respectfully requested that Plaintiff's request be denied and stricken in its entirety.

Respectfully submitted,

Lawrence S. Rosen

cc:   David K. Bowles, Esq. (via email and ECF)
      Maury Josephson, Esq. (via email and ECF)

---

[1] To clarify, after Plaintiff filed her class action arbitration, the Campaign filed a motion before Judge Kehoe—the AAA arbitrator who presided over the Campaign's arbitration and rendered the two arbitral awards in the Campaign's favor—asking that he dismiss the class action. Judge Kehoe issued a short form order that simply indicated that he did not have jurisdiction to hear the motion.