UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA DENSON,

                         Plaintiff,

    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                        Defendant.
------------------------------------------------------------------X

Civil Action No.
18-cv-2690 (JMF)

## DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

**LAROCCA HORNIK ROSEN
& GREENBERG LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*

In accordance with Your Honor's May 29, 2019 Order (the "May 29th Order"), defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys LaRocca Hornik Rosen & Greenberg LLP, respectfully submits this memorandum in response to the supplemental memorandum filed by plaintiff on May 30, 2019 (the "Supplemental Memorandum") and the letter filed by plaintiff on May 31st, 2019 (the "May 31st Letter").

## PRELIMINARY STATEMENT

In its May 29th Order, this Court granted plaintiff leave to file a limited supplemental memorandum, but stated that it would "consider the supplemental filing only to the extent that it addresses factual developments that post-date the prior briefing." ECF Doc. 46. Because plaintiff's Supplemental Memorandum fails to identify or address any new factual developments bearing on the parties' *sub judice* motions, it should be disregarded in its entirety. ECF Doc. 48.

As for the May 31st Letter, plaintiff never requested, nor was she granted, leave to make this additional filing and, for this reason alone, it should be disregarded. ECF Doc. 49. Regardless, the May 31st Letter likewise fails to raise any new facts that are germane to the parties' motions.

## ARGUMENT

### PLAINTIFF'S SUPPLEMENTAL FILINGS SHOULD BE DISREGARDED

Plaintiff's Supplemental Memorandum raises only additional legal arguments that plaintiff could have asserted in her underlying cross-motion (which was fully briefed and submitted to this Court for determination more than four months ago). ECF Doc. 48. The Supplemental Memorandum fails to raise any new facts and should be disregarded in its entirety.[1]

---

[1] Plaintiff makes a cryptic reference to a book published by Cliff Sims, but fails to articulate how this book, or any response to it, correlates to the parties' pending motions.

1

Having disregarded this Court's May 29 Order by failing to assert any new facts in her Supplemental Memorandum, on May 31 plaintiff took the liberty of filing an additional letter—without first seeking leave of the Court—in which she purports to advise the Court of a "factual development" concerning a separate "class action" lawsuit that plaintiff filed against the Campaign with the AAA. ECF Doc. 49. Under the terms of the parties' written agreement, however, the Campaign is afforded the discretionary right to arbitrate (or not arbitrate) that class action before the AAA. The Campaign simply exercised its election rights in this regard and notified the AAA that it was declining to arbitrate that claim. In any event, the permitted exercise of this discretion by the Campaign has absolutely no bearing on the parties' pending motions. Indeed, it simply means that if plaintiff wants to proceed with a class action lawsuit, she must file her purported claims in court, rather than with the AAA.

## CONCLUSION

For these reasons (and the reasons set forth in the Campaign's underlying motion papers), the Campaign respectfully requests that the Court grant its motion to confirm the arbitral awards that Judge Kehoe of the AAA issued in its favor.

Dated: New York, New York
June 3, 2019

LAROCCA HORNIK ROSEN
& GREENBERG LLP

By: _____
Lawrence S. Rosen
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*
*Donald J. Trump for President, Inc.*

2