```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JESSICA M. DENSON,                                                :
                                                                  :
                              Plaintiff,                          :
                                                                  :
                -v-                                               :    18-CV-2690 (JMF)
                                                                  :
                                                                  :         ORDER
DONALD J. TRUMP FOR PRESIDENT, INC.,                              :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      No later than **June 13, 2019**, the parties shall submit additional briefs — not to exceed ten pages each — addressing the following two topics. First, a New York state court issued the attached decision, regarding the arbitration at issue in this case, on March 13, 2019. In it, the court states that "the arbitrator's decision, based upon the evidence before him, was rational." *Denson v. Trump for President*, 2019 NYLJ LEXIS 958. The parties shall address what bearing, if any, the New York state decision has on this case, including but not limited to whether the decision has any preclusive effect on this case. Second, the parties shall address what basis, if any, would exist for establishing federal subject-matter jurisdiction in this case, if the Court were to decide that, in light of the dismissal of the earlier action, Defendant must establish a valid basis for subject-matter jurisdiction at the time of the filing of the motion to confirm and cannot rely on the jurisdictional basis for the original suit.

      SO ORDERED.

Dated: June 5, 2019  
       New York, New York  
                                            _____  
                                                    JESSE M. FURMAN  
                                                   United States District Judge

FILED: NEW YORK COUNTY CLERK 03/14/2019 09:43 AM                              INDEX NO. 101616/2017
NYSCEF DOC. NO. 37                                                              RECEIVED NYSCEF: 03/14/2019

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: HON. ARLENE P. BLUTH | PART | IAS MOTION 32 |
| Justice | | |

-----------------------------------------------------------------X

JESSICA DENSON

                Plaintiff,

                - v -

DONALD J. TRUMP FOR PRESIDENT, INC.,

                Defendant.

| | |
|---|---|
| INDEX NO. | 101616/2017 |
| MOTION DATE | 01/29/2019 |
| MOTION SEQ. NO. | 002 |

**DECISION AND ORDER**

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002)[1] 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35
were read on this motion to/for                 VACATE          .

Plaintiff's motion to vacate an arbitration award is denied because that award had nothing to do with plaintiff's allegations in this case.

**Background**

This case concerns plaintiff's employment for defendant during the 2016 presidential election and plaintiff's contentions that throughout the campaign she was harassed by supervisors and was subject to tirades and a hostile work environment.

On August 7, 2018, this Court denied defendant's motion to compel arbitration of the allegations in plaintiff's complaint. This Court concluded that the arbitration clause in the non-disclosure agreement signed by plaintiff did not cover plaintiff's harassment claims asserted

---

[1] It appears that although the parties consented to e-filing (*see* NYSCEF Doc. No. 2), plaintiff failed to upload the moving papers for the order show cause. To be clear, the Court considered the NYSCEF Doc. Nos. listed above as well as plaintiff's moving papers (which includes an affirmation from David K. Bowles plus exhibits, an affidavit from plaintiff, and a memo of law).

101616/2017   DENSON, JESSICA vs. TRUMP, DONALD J. FOR PRESIDENT, INC.                Page 1 of 9
Motion No. 002

1 of 9

FILED: NEW YORK COUNTY CLERK 03/14/2019 09:43 AM       INDEX NO. 101616/2017
NYSCEF DOC. NO. 37                                      RECEIVED NYSCEF: 03/14/2019

here. This Court observed that "the subject agreement was limited to plaintiff's conduct with respect to five specific categories and defendant had the option of court or arbitration if it claimed plaintiff violated its terms. In this case, no one claims that plaintiff violated the terms that governed plaintiff's conduct in those five categories; this case is about defendant's conduct in the employment context" (Decision and Order dated August 7, 2018 at 4).

After the Court rendered the August 7 decision, an arbitration was held between plaintiff and defendant; defendant demanded the arbitration, claiming plaintiff, by her conduct, violated the terms of the agreement. Plaintiff refused to participate in the arbitration except for sending letters. One drafted in September 2018 insisted that this Court had ruled that the arbitration was impermissible (Bowles affirmation, exh F). However, plaintiff did not move in this case to stay that arbitration or make any effort to confirm her alleged belief that this Court's decision barred the arbitration. Consequently, because there was no stay and plaintiff refused to participate, the arbitration continued without plaintiff's participation. Plaintiff sent another letter dated October 15, 2018 in which she criticized defendant for calling her actions "contumacious" and described the arbitration as "wholly illegitimate" (NYSCEF Doc. No. 17 at 59). Other than these two letters, plaintiff did not submit anything to the arbitrator.

Plaintiff also commenced a proceeding in federal court in 2018 (the "Federal Action") claiming that the non-disclosure agreement was unenforceable. Defendant moved to compel arbitration and to dismiss that federal case. The federal court agreed with defendant and concluded that the question of whether the non-disclosure agreement was enforceable should be decided by an arbitrator (*see Denson v Trump for President, Inc.*, 2018 WL 4568430 [SD NY 2018]). And so plaintiff knew that an arbitrator, and not the courts, would be deciding the validity of the arbitration agreement, and assess any damages thereunder.

On October 19, 2018, the arbitrator issued a partial award in favor of defendant (*id.* exh G). The arbitrator noted that plaintiff commenced two actions relating to her employment (the instant action and the Federal Action) (*id.* at 3). The arbitrator awarded defendant legal fees for defending the Federal Action but denied defendant's request for damages related to this action, which it found unrelated to the arbitration agreement; the arbitrator also denied defendant its claims related to plaintiff's GoFundMe account (*id.* at 4).

Plaintiff then moved by order to show cause to vacate the partial arbitration award. On November 29, 2018, this Court denied plaintiff's request for a temporary restraining order and declined to stay the remaining arbitration (NYSCEF Doc. No. 5).

On December 11, 2018 (after the instant order to show cause was filed and stays denied), the arbitrator issued his final award. The arbitrator denied plaintiff's request for a stay of the arbitration and noted that plaintiff's newly-hired counsel "has not generally appeared for [plaintiff] in this arbitration" (NYSCEF Doc. No. 9 at 2). He also noted that "Respondent has not submitted a substantive response to [defendant's] application for attorneys' fees and costs" (*id.* at 1). The arbitrator found that defendant was entitled to a supplemental award for attorneys' fees and costs for the Federal Action of $4,291.85 and $20,407.59 for attorneys' fees in the arbitration (*id.*). Nothing was awarded related to this case.

**Discussion**

Pursuant to CPLR 7511(b):

"1. The award shall be vacated on the application of a party who either participated
in the arbitration or was served with a notice of intention to arbitrate if the court
finds that the rights of that party were prejudiced by:
　　(i) corruption, fraud or misconduct in procuring the award; or
　　(ii) partiality of an arbitrator appointed as a neutral, except where the award
　　was by confession; or

> (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or
> (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.
>
> 2. The award shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if the court finds that:
>> (i) the rights of that party were prejudiced by one of the grounds specified in paragraph one; or
>> (ii) a valid agreement to arbitrate was not made; or
>> (iii) the agreement to arbitrate had not been complied with; or
>> (iv) the arbitrated claim was barred by limitation under subdivision (b) of section 7502."

**The Basis for the Arbitrator's Decision**

As an initial matter, the Court must consider the basis for the arbitration award. As stated above, this Court has already found that because *plaintiff's* allegations in this case have nothing to do with the non-disclosure agreement, *plaintiff* could not be forced to arbitrate *her* claims. But this Court never opined on the validity of the arbitration agreement generally – it only found that it did not cover *plaintiff's* claims in this case.

Defendant's claims under the agreement could still be heard by an arbitrator. There is no question that the arbitration was *initially* commenced because plaintiff brought the instant lawsuit, and defendant sought to compel her to arbitrate. In the commencing document for the arbitration, defendant claims that: "[Plaintiff] breached confidentiality and non-disparagement obligations contained in a written agreement she executed during her employment with claimant Donald J. Trump for President, Inc. *She breached her obligations by publishing certain confidential information and disparaging statements in connection with a lawsuit she filed against claimant in New York Supreme Court.* Claimant is seeking compensatory damages,

101616/2017   DENSON, JESSICA vs. TRUMP, DONALD J. FOR PRESIDENT, INC.
Motion No. 002
Page 4 of 9

4 of 9

punitive damages, and all legal fees and costs incurred in connection with this arbitration" (Bowles affirmation, exh D [emphasis added]).

It is true that the partial arbitration award demonstrates that the basis for the arbitrator's decision was the Federal Action rather than anything to do with this case. While this Court is unaware as to how the arbitration grew to encompass defendant's claims against plaintiff in the Federal Action, she would know if she had appeared in the arbitration. She certainly knew the federal judge allowed the arbitration and directed the arbitrator to decide the validity of the agreement. And, of course, the arbitrator found that plaintiff breached the non-disclosure agreement by "disclosing, disseminating and publishing confidential information in the Federal Action, and by making disparaging statements about [defendant] and the Agreement on the Internet on her GoFundMe page and on her Twitter account" (Bowles affirmation, exh G at 4). The arbitrator refused to award any damages in connection with this case "based on Justice Bluth's decision holding that the issues in that action are not subject to arbitration under the Agreement" (*id.*). The only damages the arbitrator awarded were for defendant's legal fees incurred in connection with the Federal Action and the arbitration itself. This analysis yields only one conclusion: that the arbitrator followed this Court's decision. He also found that the non-disclosure agreement was valid and that plaintiff breached it for reasons having nothing to do with this case. And the fact is that for some reason, plaintiff purposefully decided not to participate in the arbitration.

This Court made no explicit finding about the general validity of the non-disclosure agreement in its August 7 decision. In fact, the Court noted that "This Court's decision takes no position on the enforceability of any provisions of the agreement" (Decision and Order dated August 7, 2018 at 5). The Court only found that the non-disclosure agreement did not compel

arbitration of plaintiff's employment-related claims. And the judge in the Federal Action ruled that the issue of whether the non-disclosure agreement was enforceable was up to the arbitrator (*see Denson v Trump for President, Inc.*, 2018 WL 4568430 [SD NY 2018]).

While she claims that she was under the mistaken belief that this Court's August 7, 2018 ruling prohibited any arbitration arising out of the non-disclosure agreement, plainly, that is not what this Court held. What was before this Court was defendant's motion to compel plaintiff to arbitrate her harassment and discrimination claims against defendant. This Court simply denied defendant's motion and found that the arbitration agreement did not apply to plaintiff's claims asserted here. Plaintiff did not move to stay the arbitration until *after* a partial award was issued, and this Court denied the stay. Clearly, neither this Court nor the federal Court was stopping defendant's arbitration against plaintiff. Plaintiff purposefully ignored that arbitration at her own peril.

The arbitrator recognized the Court decisions and noted that "[Plaintiff] has not submitted any law or argument which would support a finding by me that the Agreement is 'void and unenforceable.' I find that the Agreement is valid and enforceable" (Bowles affirmation, exh G at 3). Plaintiff had an opportunity to make an argument about why the non-disclosure agreement was unenforceable; instead she chose not to participate in the arbitration and the arbitrator found the agreement enforceable. It was not the arbitrator's duty to make plaintiff's arguments for her and then use those arguments to void the non-disclosure agreement. Because only defendant made substantive arguments on this issue, the arbitrator was entitled to rule for defendant.

**Rationality of the Arbitrator's Decision**

"CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator exceeded his power, which occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Mere errors of fact or law are insufficient to vacate an arbitral award. Courts are obligated to give deference to the decision of the arbitrator, ... even if the arbitrator misapplied the substantive law in the area of the contract" (*NRT New York LLC v Spell*, 166 AD3d 438, 438-39, 88 NYS3d 34 [1st Dept 2018] [internal quotations and citations omitted]).[2]

This Court is unable to find that the arbitrator's conclusion was "wholly irrational" or "contrary to any strong public policy" (*id.* at 439). Here, the arbitrator found that defendant was entitled to damages based on plaintiff's actions in the federal case and on the Internet. It might be that if plaintiff had participated in the arbitration, then the arbitrator would have decided differently. But plaintiff's refusal to engage in an arbitration that she clearly knew about (or move to stay the arbitration before an award was entered) limited the record before the arbitrator. Plaintiff's only objection (raised in two letters) was her alleged erroneous conclusion that this Court barred arbitrations between her and defendant. This Court will not vacate an arbitrator's award where plaintiff deliberately chose to make no substantive objections to defendant's arguments. In such a situation, the arbitrator was entitled to find the non-disclosure agreement enforceable and assess damages based on defendant's claims that the agreement was violated.

Put another way, it was not an outlandish decision to agree with defendant's claim that plaintiff made disparaging remarks in connection with the Federal Action or on the Internet especially where plaintiff did not submit opposition refuting those claims or explaining why it

---

[2] The parties agree that plaintiff need not bring a separate Article 75 proceeding to vacate the arbitrator's award (*see* NSYCEF Doc. Nos. 31, 32).

101616/2017   DENSON, JESSICA vs. TRUMP, DONALD J. FOR PRESIDENT, INC.
Motion No. 002
Page 7 of 9

7 of 9

was not disparagement. And the arbitrator did not simply accept all of defendant's claims—he rejected the request for legal fees in connection with this case and denied defendant's bizarre claim for the money plaintiff raised through her GoFundMe account.

**Summary**

This case does not involve the non-disclosure agreement, which restricts certain of plaintiff's activities, and contains an agreement to arbitrate. Rather, this case has been, and will continue to be, only about the allegations raised in plaintiff's complaint. This case is about *defendant's* alleged behavior, which is not covered by the arbitration agreement.

Defendant sought arbitration based upon plaintiff's conduct. Plaintiff knew about the arbitration and decided not to substantively participate. This Court will not interfere with a valid arbitral award simply because plaintiff now wants a chance to substantively oppose an arbitration after ignoring it for months. Courts must be deferential to an arbitrator's decision unless it is wholly irrational; whether this Court agrees or disagrees with the arbitrator's award is irrelevant. And the arbitrator's decision, based upon the evidence before him, was rational.

This is not a case where plaintiff did not know about the arbitration. Plaintiff made a choice to interpret this Court's ruling as a complete bar to arbitration with defendant. But that is not at all what this Court held. Plaintiff's contention was also contrary to the ruling in the Federal Action, which specifically held that an arbitrator must decide the validity of the non-disclosure agreement. Plaintiff cannot sidestep that ruling by ignoring the arbitration and asking this Court to invalidate the agreement.

It was plaintiff's choice to not participate in the arbitration and this Court cannot discard the arbitrator's conclusions simply because plaintiff made a miscalculation. And when

considering whether the arbitrator's decision was rational, the Court cannot speculate how the arbitrator may have ruled had plaintiff appeared nor can the Court find the arbitrator's decision irrational because he did not accept arguments plaintiff *might* have raised. The fact is that this Court can only consider what was before the arbitrator.

Accordingly, it is hereby

ORDERED that the motion by plaintiff to vacate the arbitral award is denied.

The parties are directed to appear for the already-scheduled conference on May 14, 2019 at 2:15 p.m.

3/13/19
DATE

ARLENE P. BLUTH, J.S.C.
HON. ARLENE P. BLUTH

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

101616/2017  DENSON, JESSICA vs. TRUMP, DONALD J. FOR PRESIDENT, INC.
Motion No. 002
Page 9 of 9

9 of 9