UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA DENSON,

                                          Plaintiff,

        Civil Action No.
        18-cv-2690 (JMF)

      -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                                Defendant.
------------------------------------------------------------------X

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM
## PURSUANT TO THE COURT'S JUNE 6, 2019 ORDER

**LAROCCA HORNIK ROSEN
& GREENBERG LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822
E: LROSEN@LHRGB.COM
*Attorneys for defendant*

Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys LaRocca Hornik Rosen & Greenberg LLP, respectfully submits this memorandum of law in accordance with Your Honor's June 6, 2019 Order directing the parties to submit supplemental briefs addressing: (i) whether this Court has a separate and valid basis for subject matter jurisdiction over the Campaign's pending motion to confirm the subject arbitral awards independent of the Court's basis for jurisdiction over the original underlying lawsuit; and (ii) whether the March 13, 2019 decision and order of the Honorable Arlene P. Bluth in New York State Supreme Court denying plaintiff's motion to vacate the arbitral awards (the "State Court Decision") has any preclusive effect on the pending motions to confirm and vacate before this Court. ECF Doc. 51.

## PRELIMINARY STATEMENT

This Court would have subject matter jurisdiction over the Campaign's pending motion to confirm regardless of whether plaintiff had previously filed her underlying lawsuit. Under the Second Circuit Court of Appeals' recent decision in *Landau v. Eisenberg*, a district court has a valid and independent basis for jurisdiction over a motion to confirm an arbitral award where the court would have had jurisdiction over the parties' underlying substantive controversy in the absence of an arbitration agreement. Because this Court would have had diversity jurisdiction over the Campaign's underlying claims in a plenary action, it has jurisdiction to hear the Campaign's instant motion to confirm the arbitral awards.

The State Court Decision serves to collaterally estop plaintiff's instant cross-motion to vacate the arbitral awards before this Court. Justice Bluth specifically rejected plaintiff's motion to vacate the arbitral awards—and on June 7, 2019 also denied plaintiff's subsequent motion to reargue—and plaintiff is, therefore, barred from re-litigating the validity of the awards in this Court. As such, plaintiff's cross-motion to vacate should be denied by this Court.

1

The State Court Decision should further moot the necessity of a decision by Your Honor confirming the awards. In state court, like federal court, the denial of a motion to vacate operates by law to confirm the underlying awards. *See* CPLR 7511(e). The Campaign has submitted a proposed order and judgment confirming the awards in state court, which, upon execution and entry, would obviate the need for any decision from Your Honor here in federal court. However, plaintiff has inexplicably objected to the proposed order and judgment in state court on the grounds that Your Honor must decide the Campaign's pending motion to confirm. NYSCEF Doc. Nos. 66–70. Given that the proposed order and judgment are still pending before the state court, the Campaign is compelled to request that Your Honor issue a further order confirming the awards.

## ARGUMENT

### I.

### THIS COURT HAS SUBJECT MATTER JURISDICTION

In *Landau v. Eisenberg*, the Second Circuit held that when a district court is determining whether it has subject matter jurisdiction over a motion to confirm an arbitral award under Section 9 of the FAA, the court should "look through" the confirmation motion to determine whether it would have had jurisdiction over the parties' underlying substantive controversy in the absence of an arbitration agreement. *See Landau*, 922 F.3d 495, 497–98 (2d Cir. 2019). This is the same "look through" test that the Supreme Court has directed district courts to employ when determining whether subject matter jurisdiction exists over a motion to compel arbitration under Section 4 of the FAA. *See e.g. Vaden v. Discover Bank*, 556 U.S. 49, 62, 129 S.Ct. 1262, 1273 (2009) (a district court should "assume the absence of the arbitration agreement and determine whether it would have jurisdiction under title 28 without it").

Here, this Court has jurisdiction over the Campaign's motion to confirm under the "look through" test because, assuming the absence of the parties' arbitration agreement, this Court would have had diversity jurisdiction over the parties' underlying dispute under 28 U.S.C. 1332(a). *See Landau, Vaden, supra.* Specifically, the parties are diverse—plaintiff is a resident of California and the Campaign is incorporated in Virginia with a principal place of business in New York—and the "amount in controversy" (i.e. the $1.5 million dollars in damages the Campaign sought in its arbitration complaint to recover from the plaintiff for her breaches of the parties' agreement) would exceed $75,000.[1] *See e.g. Hermes of Paris, Inc. v. Swain*, 2016 WL 4990340, * 2 (S.D.N.Y. September 13, 2016) (district court had subject matter jurisdiction over motion to compel arbitration where the parties were diverse and the amount the movant "might obtain in the arbitration" exceeded $75,000).

## II.

### THE STATE COURT DECISION PRECLUDES PLAINTIFF'S CROSS-MOTION TO VACATE

It is well-established that "when a court denies a motion to vacate an arbitration award, the court's judgment has the effect of collateral estoppel; the parties cannot relitigate the validity of the award." *Sanluis Developments, L.L.C. v. CCP Sanluis, L.L.C.*, 556 F.Supp.2d 329, 333 (S.D.N.Y. 2008), *citing Brown v. Bridgeport Rolling Mills Co.*, 245 F.Supp. 41 (D. Conn. 1965). As such, the State Court Decision denying plaintiff's motion to vacate the awards precludes

---

[1] To the extent the "look through" test is limited to federal question jurisdiction, this Court would have also had subject matter jurisdiction over the Campaign's confirmation motion under the "demand approach," which looks to "the amount that was demanded in the underlying proceeding to determine the amount in controversy in subsequent confirmation litigation." *National Casualty Company v. Resolute Reinsurance Company*, 2016 WL 1178779, * 2 (S.D.N.Y. March 24, 2016), *citing Karsner v. Lothian*, 532 F.3d 876, 883 (D.C. Cir. 2008). Because the Campaign sought to recover $1.5 million in damages from plaintiff in the arbitration, the $75,000 monetary threshold is satisfied for the Campaign's instant motion to confirm. *See e.g. National Casualty Company*, 2016 WL 1178779 at * 3 (confirming $0 arbitral award where the "amount demanded during the arbitration was approximately $1.3 million").

3

plaintiff from re-litigating here the validity of the awards. Accordingly, plaintiff's instant cross-motion to vacate must be denied and the Campaign's motion to confirm should be granted.

## CONCLUSION

For these reasons, the Campaign respectfully requests that its motion to confirm the arbitral awards be granted in its entirety and plaintiffs' cross-motion to vacate be denied in its entirety.

Dated: New York, New York
       June 13, 2019

>                               LAROCCA HORNIK ROSEN
>                               & GREENBERG LLP
>
> By: _____
>     Lawrence S. Rosen
>     40 Wall Street, 32nd Floor
>     New York, New York 10005
>     T: (212) 530-4822
>     E: LROSEN@LHRGB.COM
>
> *Attorneys for defendant*
> *Donald J. Trump for President, Inc.*

4