UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON<br><br>       Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.<br><br>       Defendant. | Civil Action No. 18-cv-2690 (JMF)<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARDS AND IN SUPPORT OF CROSS-MOTION TO VACATE AWARDS** |

THE LAW OFFICE OF DAVID K. BOWLES, PLLC
David K. Bowles
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
David@LawDKB.com

THE LAW OFFICE OF MAURY B. JOSEPHSON, P.C.
Maury B. Josephson
626 RXR Plaza
Uniondale, New York 11556
Tel. (516) 343-0090
Fax (516) 977-1315
Email: mbjlaw@verizon.net

*Attorneys for Plaintiff Jessica Denson*

## **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ................................................................................................1

II.    ARGUMENT ................................................................................................................................2

    **a.**     The Court Lacks Subject Matter Jurisdiction ...........................................................2

    **b.**     The State Court Order Does Not Preclude This Court's Decision, If There Is Subject Matter Jurisdiction ................................................................................................4

III.   CONCLUSION ........................................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*CBF Industria de Gusa v. AMCI Holdings, Inc.,* 850 F.3d 58, 74 (2ᵈ Cir. 2017) ............................5
*Dell Fin. Servs., L.P. v. Ross*, No. 07 CIV. 2577(MHD), 2007 WL 2609892, at *1 (S.D.N.Y. Sept. 6, 2007) .........................................................................................................................................4
*Denson v. Donald J. Trump for President, Inc.*, Index No. 101616/17 (Supreme Court, New York County, Bluth, J.S.C.) ...........................................................................................................1
*Donald J. Trump for President, Inc. v. Denson*, AAA Case No. Case No. 01-17-0007-6454 ..........1
*Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2ᵈ Cir. 2009) .........................................................................................................................................3
*Hansen Beverage Co. v. DSD Distributors, Inc.*, No. 08CV0619-LAB (RBB), 2008 WL 5233180, at *6 (S.D. Cal. Dec. 12, 2008) ................................................................................................4
*Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 912 F.2d 608, 611 (2ᵈ Cir. 1990) ...................................................................................................................................3
*Hatzlachh Supply, Inc. v. Moishe's Electronics Inc.*, 848 F. Supp. 25, 28 (S.D.N.Y. 1994) ............5
*JSC Sec. v. Gebbia*, 4 F. Supp. 2d 243, 250 (S.D.N.Y. 1998) ............................................................5
*MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1082 (S.D.N.Y. 1980) ........................................6
*N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003) .......................3
*Perpetual Sec., Inc. v Tang*, 290 F3d 132, 135 (2ᵈ  Cir 2002)............................................................3
*Rosen v. Paul, Hastings, Janofsky & Walker LLP*, 05 Civ. 4211 (LAK), 2005 U.S. Dist. LEXIS 14978 at *4 (S.D.N.Y Jul. 28, 2005) .......................................................................................5
*Wise v. Marriott Int'l, Inc.,* No. 06CIV.11439 (LAP), 2007 WL 2200704, at *4 (S.D.N.Y. July 30, 2007) .........................................................................................................................................4

**Statutes**

9 U.S.C. §1....................................................................................................................................2

I.    **PRELIMINARY STATEMENT**

By inquiry of June 5, 2019 order (the "Inquiry"), this Court directed the parties to brief two issues: (1) whether the Court has subject matter jurisdiction here, if the Court determines that Defendant must have a valid basis for subject matter jurisdiction at the time of filing of the motion to confirm and cannot rely on the jurisdictional basis for the original suit; and (2) what bearing, if any, the New York Court's March 13, 2019 decision (the "State Court Decision")[1] has on the case before this Court.  Plaintiff Jessica Denson ("Ms. Denson" or "Plaintiff") provides this supplemental briefing as directed by the Court.

Framing the jurisdictional issue as the Court does in the Inquiry presents the clearest case for a finding that the Court lacks subject matter jurisdiction over the Campaign's motion to confirm the Awards.[2]  After the Campaign specifically asked for dismissal of the case rather than for a stay pending the outcome of arbitration, there obviously is no independent basis of subject matter jurisdiction here – no federal question or other statutory grant of authority – and diversity jurisdiction is lacking because of an inadequate amount in controversy.  The Second Circuit and New York federal courts have repeatedly ruled that in situations such as presented here, diversity jurisdiction is determined by the amount of the award: if that amount is less than $75,000, the case must be dismissed.  The award here is approximately $50,000, and therefore the case must be dismissed.

---

[1] The State Court Decision was made in the action captioned *Denson v. Donald J. Trump for President, Inc.*, Index No. 101616/17 (Supreme Court, New York County, Bluth, J.S.C.), referred to in text as the "State Court Action."

[2] References to the "Awards" are to the October 19, 2018 Partial Award and December 11, 2018 Final Award of Arbitrator L. Paul Kehoe in American Arbitration Association ("AAA") proceedings captioned *Donald J. Trump for President, Inc. v. Denson*, AAA Case No. Case No. 01-17-0007-6454.

To the extent the Court finds it has subject matter jurisdiction, the federal full faith and credit statute, 28 U.S.C. §1738, extends preclusive effect to state court decisions confirming arbitration awards *and* entering final judgment thereon – neither of which occurs in the State Court Decision.  Thus, assuming federal jurisdiction, the State Court Decision does not have any preclusive effect on the motions because the Decision does not confirm the arbitration Awards or enter a final judgment.  Indeed, Donald J. Trump for President, Inc.'s (the "Campaign") procedural choices render a decision by this Court on whether the Awards violate public policy both necessary and appropriate.  The Campaign did not cross-move for confirmation of the Awards in the State Court, specifically choosing to do so in this Court and thereby rendering all challenges to enforcement of the Awards, including their extraordinary violation of public policy, appropriate subjects for this to consider.  Notably, the State Court did not discuss or make any finding on the Awards' public policy *bona fides*, offering no analysis on the issue that could have preclusive effect, leaving it to this Court to decide whether to confirm, and thereby allow enforcement, of Awards that violate public policy and are based on an illegal agreement.

Ms. Denson therefore once again respectfully requests that the Court deny the Campaign's motion to confirm the Awards.

## II. ARGUMENT

### a. The Court Lacks Subject Matter Jurisdiction

The law is well-settled: there is no federal question or diversity jurisdiction here, because the amount in controversy is determined by the award sought to be confirmed.  Since that amount is less than $75,000, the case must be dismissed.

As stated in Ms. Denson's original brief, Docket No. 40 at 10, the Second Circuit has determined that the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, does not independently confer jurisdiction on the federal courts:

> [W]e have consistently held that Congress did not intend the [FAA] as a grant of jurisdiction. There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act.

*Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990) (denying jurisdiction under FAA but sustaining jurisdiction under another statute not relevant here).  As noted in the case of *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009), where there is an issue as to jurisdiction with regard to an arbitration, and where there is no federal question, "it must be determined whether the amount in controversy" exceeded $75,000.  Id. at 611.

The Second Circuit has expressly determined that where an arbitration award has been granted for less than the § 1332 statutory amount of $75,000, a federal court lacks subject matter jurisdiction to confirm the award.  In *Perpetual Sec., Inc. v Tang*, 290 F3d 132, 135 (2d Cir 2002), the district court had confirmed an arbitration award of approximately $10,300, and the Second Circuit reversed, noting that "although the parties appear to be diverse, the amount in controversy is less than the statutorily required $75,000." *Perpetual*, 290 F3d at 136.  The court remanded with instructions to dismiss.  Id. at 142.

Courts interpreting *Perpetual* have been clear: the court must examine the "value of the award" in determining whether the statutory amount has been met.  In *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003), the court reasoned that "when deciding whether jurisdiction exists in a petition for confirmation of an arbitration award, the amount in controversy is the *value of the award itself* to the petitioner." Id. at 285 (emphasis added; citing *Perpetual*).[3]  The court dismissed the case for lack of subject matter jurisdiction because there

---

[3] Indeed, this court determined that "a court should look to the value of the relief requested in the arbitration complaint only where a defendant has prevailed in the arbitration.  In all other situations, a court should look to the value of the award itself." Id.

was no proof that the value of the award exceeded $75,000.  *Id.  See also Dell Fin. Servs., L.P. v. Ross*, No. 07 CIV. 2577(MHD), 2007 WL 2609892, at *1 (S.D.N.Y. Sept. 6, 2007) (declining to confirm arbitration award of approximately $3,500 because it failed to meet the § 1332 statutory requirement for diversity); *Wise v. Marriott Int'l, Inc.,* No. 06CIV.11439 (LAP), 2007 WL 2200704, at *4 (S.D.N.Y. July 30, 2007) ("[w]hen a petitioner seeks confirmation or vacatur of an award, without seeking a remand for further arbitration proceedings, 'the amount in controversy is the value of the award itself to the petitioner'"); *Hansen Beverage Co. v. DSD Distributors, Inc.*, No. 08CV0619-LAB (RBB), 2008 WL 5233180, at *6 (S.D. Cal. Dec. 12, 2008) (dismissing for lack of subject matter jurisdiction upon motion to confirm a zero dollar award; citing to *N. Am. Thought Combine*).

The law is therefore well-settled: upon moving to confirm an award of less than $75,000, and without a federal question, the court must dismiss for lack of subject matter jurisdiction.  It is undisputed that the total award here is $49,507.64 and there is no federal question.   Docket No. 31 at 3.  Accordingly, the case should be dismissed for lack of subject matter jurisdiction.

    **b.**    <u>The State Court Order Does Not Preclude This Court's Decision, If There Is Subject Matter Jurisdiction</u>

This Court, in its decision of August 30, 2018, commented that a prior decision in the State Court Action "is not binding on this Court in any event."  Docket No. 23 at 3.  That remains the case with respect to the State Court Decision about which the Court now inquires (also available at 2019 N.Y. Misc. LEXIS 1062) – assuming federal jurisdiction, this Court should find that the State Court Decision has no preclusive effect on this Court's decision whether to confirm the Awards.

In the first instance, Campaign did not cross-move in the State Court (in response to Ms. Denson's motion to vacate the Awards) to confirm the Awards and the State Court did not

4

confirm them.[4]  The State Court thereby left the Awards in a non-final status subject to all challenges to confirmation and enforcement thereof – including that the awards violate public policy and are **based on an illegal agreement**.  *Hatzlachh Supply, Inc. v. Moishe's Electronics Inc.*, 848 F. Supp. 25, 28 (S.D.N.Y. 1994) ("an arbitrator's decision is not final until it is confirmed"), cited with approval in *CBF Industria de Gusa v. AMCI Holdings, Inc.,* 850 F.3d 58, 74 (2ᵈ Cir. 2017).  By moving to confirm in this proceeding, the Campaign has made all such issues germane – and necessary and appropriate for this Court to consider – before lending its imprimatur to them as a potential federal judgment.

Support for the foregoing analysis is found in the application of the federal full faith and credit statute, 28 U.S.C. §1738, to state court decisions on arbitration awards.  Federal courts accord full faith and credit when "a state court has *confirmed* an arbitration award and *entered final judgment.*" *JSC Sec. v. Gebbia*, 4 F. Supp. 2d 243, 250 (S.D.N.Y. 1998) (emphasis added); *see also Rosen v. Paul, Hastings, Janofsky & Walker LLP*, 05 Civ. 4211 (LAK), 2005 U.S. Dist. LEXIS 14978 at *4 (S.D.N.Y Jul. 28, 2005) (full faith and credit statute "applies to *judgments confirming* arbitration awards") (emphasis added).  In this instance, the purely interlocutory State Court Decision has not confirmed the Awards nor entered any judgment and is therefore not entitled to preclusive effect on the instant motions.

The narrow language about rationality from the State Court Decision quoted in the Inquiry further confirms the appropriateness and necessity for this Court to consider Ms. Denson's public policy challenges to the Awards.  Rationality in this context means ascertaining

---

[4] The Campaign only belatedly requested confirmation of the Awards by the State Court, irregularly without filing a motion for such relief, on June 12, 2019.  Ms. Denson will be opposing that irregular request as the Campaign chose this Court in which to make its application for confirmation.

whether an "arbitration award has a basis which can be rationally inferred." *MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1082 (S.D.N.Y. 1980). The rationality inquiry is entirely distinct from public policy scrutiny of an award – namely, simply because the basis of an award can rationally be inferred (*i.e.* that the award is comprehensible based on the matters submitted to the arbitrator) – does not *ipso facto* mean that the award does not violate public policy. Justice Bluth's order does not take up the public policy issues, leaving it to this Court – the court in which the Campaign moved to confirm, to do so.[5]

### III. CONCLUSION

Ms. Denson therefore once again respectfully requests that the Court deny the Campaign's motion to confirm the Awards, grant her cross-motion to vacate the Awards and grant her such other and further relief as this Court deems just and proper.

---

[5] The foregoing discussion of the rationality inquiry is provided for purposes of argument only – in addition to her public policy challenges to the Awards, Ms. Denson disputes their rationality for myriad reasons stated to the State Court (and to be stated to the Appellate Division, as an appeal of the State Court Decision has been filed), and in this Court on the instant motions. Among other things, it defies credulity to consider rational any award that raises, *sua sponte*, the validity of a non-disparagement and non-disclosure agreement ("NDA") imposed by a Presidential Campaign on thousands of employees and volunteers, does not request briefing or authority on the subject from either party (although the arbitrator accuses Ms. Denson, known to be refraining from participation in the arbitration, of not submitting authority) and then decides this issue of enormous public importance in a single throw-away sentence. Likewise, one is hard pressed to declare rational Awards that impose damages on Ms. Denson for the existence of a Twitter account and a GoFundMe page, without identifying *anything* in any of these communications that disparages any person covered by the NDA or discloses any of their confidential information, and when the arbitration demand says nothing about either matter but, astonishingly enough, states and acknowledges that the arbitration was filed for purposes of retaliating against Ms. Denson for filing the State Court Action for, *inter alia*, sex discrimination, harassment and common law violations. These are just a few of many aspects of the Awards that are irrational – however, the order from the Court here is only to brief whether the State Court Decision is preclusive and, for the reasons set forth in text, it is not. Most critically, it is not preclusive of whether, as a matter of public policy, this Court should place its imprimatur on the Awards by confirming them and making them enforceable as a federal court judgment.

Dated: New York, New York
June 13, 2019

THE LAW OFFICE OF DAVID K. BOWLES, PLLC

_____
David K. Bowles
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
DKB@LawDKB.com

THE LAW OFFICE OF MAURY B. JOSEPHSON, P.C.

_____
For  Maury B. Josephson, Esq.
626 RXR Plaza
Uniondale, New York 11556
Tel. (516) 343-0090
Fax (516) 977-1315
Email: mbjlaw@verizon.net

*Attorneys for the Plaintiff*

7