```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
JESSICA M. DENSON,                                                    :
                                                                      :
                            Plaintiff,                                :
                                                                      :         18-CV-2690 (JMF)
                 -v-                                                  :
                                                                      :        MEMORANDUM OPINION
DONALD J. TRUMP FOR PRESIDENT, INC.,                                  :             AND ORDER
                                                                      :
                            Defendant.                                :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

At an earlier stage of this case, familiarity with which is presumed, the Court ordered Plaintiff Jessica M. Denson and her former employer, Donald J. Trump for President, Inc. (the "Campaign"), to arbitrate claims relating to Denson's alleged breach of a nondisclosure agreement ("NDA") she had signed in connection with her work for the Campaign. *See Denson v. Donald J. Trump for President, Inc.*, No. 18-CV-2690 (JMF), 2018 WL 4568430 (S.D.N.Y. Aug. 30, 2018). Thereafter, the arbitrator entered an award in favor of the Campaign. The parties then filed cross-petitions to confirm (in the case of the Campaign) and to vacate (in the case of Denson) the award. Denson, however, previously moved to vacate the very same award in the Supreme Court of New York, New York County. *See* Docket No. 39-9. On March 13, 2019, the state court denied that motion, holding that "the arbitrator's decision, based on the evidence before him, was rational" — both as to arbitrability and the merits of the claims at issue. *See Denson v. Donald J. Trump for President Inc.*, Index No. 0101616/2017, 2019 NYLJ LEXIS 958, at *10-13 (N.Y. Sup. Ct. Mar. 13, 2019). On June 12, 2019, the Campaign asked the state court to enter judgment confirming the award, citing Section 7511(e) of New York's Civil Practice Law & Rules. Index No. 0101616/2017, Docket No. 66; *see* N.Y. C.P.L.R.

§ 7511(e) (providing that, "upon the denial of a motion to vacate or modify, [the court] shall confirm the award"). The state court granted that request, and the Clerk entered judgment on July 22, 2019. *See* Index No. 0101616/2017, Docket Nos. 73, 77; *see also* Docket No. 55.

The Campaign argues that the state-court judgment has preclusive effect here. Docket No. 52, at 2-3. This Court must give the same effect to the New York court's judgment confirming the award as that judgment would have in the courts of New York State. *See* 28 U.S.C. § 1738; *Fayer v. Town of Middlebury*, 258 F.3d 117, 123 (2d Cir. 2001). Under New York law, "the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (alteration and internal quotation marks omitted). That principle applies to judgments confirming arbitral awards, *see, e.g.*, *Aetna Cas. & Sur. Co. v. Mantovani*, 658 N.Y.S.2d 926, 929 (App. Div. 2d Dep't 1997), whether obtained following a motion to confirm or, as here, a motion to vacate the award, *see Rosen v. Paul, Hastings, Janofsky & Walker LLP*, No. 05-CV-4211 (LAK), 2005 WL 1774126, at *3 (S.D.N.Y. July 28, 2005). Furthermore, because "[t]he rule in New York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding," the state court's judgment is preclusive now, whether or not Denson appeals. *Matter of Amica Mut. Ins. Co.*, 445 N.Y.S.2d 820, 822 (App. Div. 2d Dep't 1981) (collecting cases); *accord Goldfarb v. Wright*, 135 F.2d 188, 190 (2d Cir. 1943).

In light of the foregoing, the Court is compelled to conclude that the state-court judgment has preclusive effect in this litigation and is dispositive of the parties' motions. Denson protests that the Court lacks subject-matter jurisdiction to reach that conclusion because the award sought

to be confirmed by the Campaign was only $49,507.64, less than the amount in controversy required to invoke the Court's diversity jurisdiction.  Docket No. 53, at 2-4.[1]  The Second Circuit, however, has held that "a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate."  *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 573 (2d Cir. 2005); *accord Krantz & Berman, LLP v. Dalal*, No. 09-CV-9339 (DLC), 2011 WL 1810490, at *2 (S.D.N.Y. May 12, 2011).  That principle can be traced to a 1928 case in which the Second Circuit held that — for purposes of calculating the jurisdictional amount in controversy — a motion to compel arbitration and a subsequent motion to confirm the resulting award were "not separable controversies," but were "all one arbitration proceeding, to settle the controversies which had arisen between the parties."  *Marchant v. Mead-Morrison Mfg. Co.*, 29 F.2d 40, 43 (2d Cir. 1928).  Thus, "a court which orders arbitration," as this Court did, "retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award."  *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985).[2]

---

[1] Of course, the practical consequences of that argument are nil.  If Denson were right, and the Court lacked subject-matter jurisdiction, it would be required to dismiss this action; the state-court judgment would remain in effect.  That said, as a technical matter, the Court cannot opine on the question of whether the state-court judgment is preclusive unless it has subject-matter jurisdiction.  *See, e.g.*, *Siegel v. Apergis*, 610 Fed. App'x 15, 16 (2d Cir. 2015) (summary order) ("Issue and claim preclusion go to the merits of a claim, which a court cannot adjudicate in the absence of jurisdiction."); *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (internal quotation marks omitted)).

[2] Nor is there any argument that the Court lacked subject-matter jurisdiction over the case in its first iteration.  Denson's original complaint, which sought declaratory relief, *see* Docket No. 2, named a single diverse defendant and attached a copy of the Campaign's demand for arbitration, in which the Campaign sought $1.5 million in damages for breach of the NDA.  *See, e.g.*, *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) (noting that, in a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation"); *see also, e.g.*, *W. P. Carey, Inc. v. Bigler*, No. 18-CV-585 (KPF), 2019 WL 1382898, at *10 (S.D.N.Y. Mar. 27, 2019) (holding that where the defendant had

For the foregoing reasons, Plaintiff's cross-petition to vacate the arbitration award is precluded by the state-court judgment and thus DENIED.  Defendant's petition to confirm the award is DENIED as moot.  The Clerk of Court is directed to terminate Docket Nos. 29 and 37 and to close the case.

SO ORDERED.

Dated: July 23, 2019
New York, New York

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JESSE M. FURMAN
United States District Judge

---

sought "several million dollars" from the plaintiff in arbitration, the amount-in-controversy requirement was met in the plaintiff's federal action for a declaration that the claims to be arbitrated were subject to a contractual release).